(No. 20794.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL SCIALES, Plaintiff in Error.

*Opinion filed June 18, 1931—Rehearing denied October 9, 1931.*

JOHN J. BYRNE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOHN P. MADDEN, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Michael Sciales was indicted in the criminal court of Cook county for raping Helen Zabel on May 25, 1929, she then being fifteen years old and therefore under the statutory age of consent. A jury found Sciales guilty and fixed his punishment at one year in the penitentiary. By this writ of error the defendant seeks a review and reversal of the judgment.

The complaining witness, Helen Zabel, while in company with a friend, Alvin Ferris, met Sciales on the evening of May 24, 1929, at Riverview Park, in Chicago. Sciales had a car and about 11:00 o'clock he drove Ferris and Helen to the vicinity of the Navy Pier. The three remained there in the car, according to the greater weight of the evidence,

until about 2:00 A. M. of the 25th. According to the girl's testimony no effort was made to have relations with her in the car and they were ordered to leave by a police officer. The girl said she was afraid to go home, as her father would beat her up for coming in so late, and she agreed to go to a hotel with the boys. After stopping a short while at a restaurant they began to search for a hotel where they might register. After making inquiries at different places they finally succeeded in securing rooms at a small hotel on Lincoln avenue. All of the inquiries and arrangements for hotel accommodations were made by Sciales. Before going up-stairs Sciales told Helen to say she was eighteen years old, and when the hotel proprietor asked her how old she was she said she was eighteen. They secured two rooms, No. 21 for Sciales and No. 23, on the same floor, for Ferris and Helen, who were registered as man and wife. Helen testified that after going up-stairs Sciales came into room 23, and after visiting for about thirty minutes said to her, "You will have to pay back for all I did," and she said, "What is it supposed to be?" and Sciales replied, "Just what all girls give fellows." She further said that Sciales pulled her bloomers off and pushed her over on the bed and had intercourse with her. Apparently she offered little resistance. All this time Ferris was in the room. Sciales went to sleep and Ferris then had intercourse with Helen, once while Sciales was asleep and again after 5:00 A. M., when Sciales left the room. She testified that on the first occasion with Ferris she was somewhat reluctant but on the second occasion she submitted willingly. Ferris and Helen were arrested in the room about 7:30 A. M. and Sciales was taken into custody a short time later, although denying having had any intercourse with Helen. When first arrested Helen told the police officers she was eighteen but afterwards admitted she was only fifteen years old. This last statement corresponded with the testimony of her father that she was born March 17, 1914.

The police officer who made the arrests testified that Ferris stated, in Sciales' presence, that Sciales had intercourse with Helen while Ferris was in the room. The defense by Sciales was a complete denial that he had sexual relations with Helen, although admitting that he had gone to the hotel with her and visited with her in room 23 for a while. Sciales was a married man and had one child. Ferris was not used as a witness at the trial.

A careful examination of all the testimony shows that the jury was warranted in arriving at the verdict of guilty. In nearly every case of this nature the amount of direct testimony is bound to be meager in so far as proof of the charge is concerned and equally so in matters of defense. While in this case the defendant denies the charge, little doubt exists about the general truth of the girl's story, and it agrees with that of the defendant upon many vital points. Their stories agree as to the time and place of meeting and the different places visited that night. Their stories also agree about going to the hotel but fail to agree as to the number of rooms engaged. Sciales made no denial of what Ferris had told the police officer concerning his intercourse with Helen in Ferris' presence, and also failed to deny that he had told Helen to say that she was eighteen when they entered the hotel. The girl and Sciales are in agreement that he did not remain in the hotel very long, and this is borne out by the testimony of the hotel proprietor. As to the commission of the act charged we have only the testimony of the prosecuting witness and the testimony of the defendant to the contrary. The jurors must have believed Helen rather than Sciales, and there was sufficient corroborative evidence to warrant their belief. Testimony of the prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction if the same is clear and convincing. *People* v. *Freeman,* 244 Ill. 590; *People* v. *Andreanos,* 323 id. 34.

In cases of this character, where the record contains no errors of law, the weight of the evidence is for the jury and the court will not usurp its functions. (*People* v. *Martin*, 304 Ill. 494.) From a review of the evidence it can not properly be said that the jury was swayed by passion and prejudice in arriving at its verdict. The jury fixed the lightest sentence possible under the law, and there being no error in the record the judgment is affirmed.

*Judgment affirmed.*