(Nos. 27018, 27019, 27020.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
Error, *vs.* ANDREW J. ELDER, Plaintiff in Error.—THE
PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error,
*vs.* DONALD SMOCK *et al.*, Plaintiffs in Error.—THE
PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error,
*vs.* DONALD SMOCK *et al.*, Plaintiffs in Error.

*Opinion filed March 18, 1943.*

JAMES M. BURKE, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J.
COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN

T. GALLAGHER, MELVIN S. REMBE, and ALEXANDER J. NAPOLI, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Three indictments were returned in the criminal court of Cook county on which plaintiffs in error were convicted and sentenced to the penitentiary. On stipulation of counsel for the prosecution and the defense, the three cases were tried at the same time. The cases were heard by the court without a jury. To reverse the judgments and sentences which followed, writs of error were sued out and this court ordered a consolidation of all three cases.

There were two prosecuting witnesses. The first indictment charged Andrew J. Elder with the rape of one of them. The court found him guilty and he was sentenced to three years imprisonment in the penitentiary. The second indictment charged Donald Smock, Charles W. Thomas, Andrew J. Elder and Thomas DeGroodt with the rape of the other prosecuting witness. A *nolle prosequi* was entered as to DeGroodt and the other defendants were found guilty and sentenced to three years in the penitentiary, the sentence of defendant Andrew J. Elder being made to run concurrently with that imposed on the conviction under the first indictment. The third indictment charged defendants Donald Smock, Jeleal Pemberton and Andrew J. Elder with the crime against nature. On this charge they were found guilty and each was sentenced to the penitentiary for a term of one to ten years with a recommendation as to imprisonment of not less than two nor more than three years. Motions for new trial and in arrest of judgment were overruled. The only error assigned and argued by plaintiffs in error is that the findings of the trial court are contrary to the evidence.

The proofs disclosed, and the court found, that the respective ages of the defendants were, Andrew J. Elder,

twenty-one years, Donald Smock, twenty-four, Jeleal Pemberton, twenty-one, and Charles W. Thomas, twenty-four. All of the convicted defendants and two others who were with them at the time the alleged crime was committed, were born and reared together in Slater, Missouri, except Donald Smock, who was born at Roodhouse, Illinois. They were all close friends and were employees of a railroad company.

On August 12, 1941, the defendants and one Thomas Donnelly, met around four o'clock in the afternoon in a tavern at Archer and Western avenues in the city of Chicago. From there they went to Dinty Moore's and from there to the Ton-O-Fun, two of Chicago's southside night spots. At the Ton-O-Fun they met the complaining witnesses, both of whom were twenty-four years of age and had come to Chicago together from a town in Pennsylvania and were working at Kresge & Co., at Sixty-third and Halsted streets. After some dancing and drinking a suggestion was made that the two girls and the two men with whom they had been dancing, Andrew J. Elder and Thomas Donnelly, go out and eat. Leaving the tavern they entered Elder's automobile which was nearby and the four got in the front seat. At the time, four other men were occupying the rear seat of Elder's car. According to the testimony of the girls, they objected to going with the four men in the rear of the car. They were assured that the four men would leave the car at a place where they worked. This was not done, neither was the car stopped when they passed Dinty Moore's, where it was expected they would eat. As they passed the place, one of the girls called their attention to it as the place where they were to stop, whereupon they were told by one of the men that they knew a better place, which was a railroad-yard restaurant, where they had meal tickets. When they arrived at this place the driver insisted they had better not stop there because some railroad men might see them and

knowing they had been drinking, it might cost them their jobs, so they drove on for about twenty minutes although the girls kept insisting that they be taken home.

After having driven a distance of about three miles the car was brought to a stop on a macadam road near a country club. The facts as detailed as to what occurred there are too revolting to justify reproduction in print. The evidence introduced for the purpose of proving the charges in the indictments is of such a revolting character that it is not fit for publication. We have examined it with care, including that with reference to the good reputations borne by the defendants in the community prior to the occurrence, and are of the opinion that the guilt of the defendants has been proved beyond a reasonable doubt. One of the prosecuting witnesses testified that she had arranged to meet plaintiff in error Elder at the Ton-O-Fun that evening. She said she had known him since coming to Chicago. Counsel's argument in behalf of the defendants that the girls' testimony cannot be given credit, because they met and danced with perfect strangers, cannot therefore be accepted. In material respects their testimony was corroborated. The trial judge saw all the witnesses and heard them testify. We must adhere to the rule that this court will not disturb the trial court's findings on the basis of the credibility of witnesses or the weight of evidence where no error of law is assigned and argued. Where a jury is waived, as in this case, and the cause is tried by the court, the findings have the conclusiveness of a verdict. No errors at law were assigned and the weight of the evidence and the credibility of the witnesses must be left to the trial court. *People* v. *Sciales,* 345 Ill. 118; *People* v. *Pargone,* 327 id. 463; *People* v. *Talbe,* 321 id. 80; *Bean* v. *People,* 124 id. 576.

Counsel for plaintiffs in error insists that where a conviction for rape depends on the testimony of the prosecuting witness and defendant denies the charge, the testimony

of the prosecutrix must be corroborated, but, while that is the general rule, it is subject to the exception that corroboration is not necessary if the testimony is clear and convincing. (*People* v. *Polak,* 360 Ill. 440; *People* v. *Andreanos,* 323 id. 35; *People* v. *Sciales, supra.*) In this case the testimony of the prosecuting witnesses was clear and convincing. There was also ample corroboration of the testimony of the two prosecuting witnesses. Such corroboration may be by other evidence, fact or circumstances. One of the prosecuting witnesses made her escape from the scene of the crime, entered the home of a witness for the People in the early hours of the morning and made a complaint of what had occurred, and it is not contradicted that the man to whom she complained called the police. Officers of the law corroborated the two women witnesses as to the surrounding circumstances when they arrived and arrested the defendants. There is no reasonable doubt of the guilt of the defendants. The trial court could not have justified any other conclusion from the evidence in the record.

It can be further added that the defendants signed written admissions of facts constituting the crimes charged. Their defense was that the acts committed were voluntary and with the consent of the prosecuting witnesses. In this they are contradicted for they admit that their victims made resistance and, insofar as the crime against nature is concerned, the consent of the prosecuting witness is no defense, as force is not an element of that crime. The contention is made by counsel for plaintiffs in error that the statements were obtained from the defendants by the police officers and with the assistance of the State's Attorney's office, in some manner not disclosed which would render them inadmissible. No such objection appears to have been made when the exhibits were offered and certainly cannot be urged for the first time on review. Apparently the only objection raised was that the prosecution had failed to lay

a sufficient foundation for their admissibility, and the motion to strike, insofar as the record discloses, was general and came too late after the statements were admitted without specific objections as to the improper manner in which they were obtained. Counsel has also waived the point by not arguing it in his brief and by not assigning error in that regard. Covering it in the motion for a new trial is not sufficient to save the question for review where it is not assigned as error that the court erred in overruling the motion for a new trial. The failure to argue the question under points and authorities cited in support thereof also constituted a sufficient waiver.

The sentences in cases No. 27018 and 27019 were properly entered and are affirmed. The sentences in case No. 27020, being irregular on account of the recommendation of minimum and maximum terms, must be reversed and the cause remanded to the criminal court of Cook county for the sole purpose of entering, and with directions to enter, proper sentences.

*Judgments affirmed in Nos. 27018 and 27019;*
*No. 27020 reversed and remanded, with directions.*