(No. 29641.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NELSON FAIR, Plaintiff in Error.

*Opinion filed September 18, 1946.*

W. G. ANDERSON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On a trial in the criminal court of Cook county without a jury, Nelson Fair and Charles Williams were adjudged guilty of larceny of an automobile. Each was committed to the penitentiary for a term of not less than two nor more than four years. Fair prosecutes this writ of

438

error. The only ground urged for reversal is that plaintiff in error's guilt was not established beyond a reasonable doubt.

On the afternoon or early part of the evening of June 18, 1945, an automobile owned by William Taschman disappeared from where it was parked, near the intersection of Central avenue and Madison street in Chicago. About 1:30 the following morning a policeman observed an automobile, which was later identified as Taschman's, going west on Roosevelt road at an excessive rate of speed. The officer pursued the car for about two miles, overtaking it at the intersection of Jackson street and Ogden avenue. It is conceded that plaintiff in error and his codefendant were in the automobile and that plaintiff in error was driving. As the police officer's car approached, the occupants of the Taschman car abandoned it and fled into an alley. The police chased plaintiff in error down an alley and up three flights of stairs, where he was arrested. He later identified Williams as the party who was in the automobile with him when the car was stopped by the police. There is no dispute as to the foregoing facts.

Plaintiff in error testified that during the evening of June 18, and at the time the automobile was supposedly stolen, he was attending a carnival located at Taylor and Damen streets; that Williams drove the automobile in question to the carnival grounds and invited him to take a ride. Plaintiff in error testified that he entered the automobile not knowing that it had been stolen. He further testified to the happening of some mechanical defect in the operation of the car, which caused him to take the driver's position from Williams. Three witnesses called by plaintiff in error corroborate him as to Williams coming to the carnival grounds in the automobile. On the other hand Williams testified that he was at the carnival and that plaintiff in error came there in the stolen automobile and invited him to take a ride. His version would

impliedly deny that there had been any mechanical defect which caused a transfer of plaintiff in error to the driver's position. A witness called by Williams corroborated him as to plaintiff in error driving the automobile.

The conflict in the evidence brings into application the rule that where a cause is tried before a court without a jury, the law commits to the trial court the question of determining the credibility of the witnesses and the weight to be accorded to their testimony. Where the evidence is conflicting, as in this case, this court will not substitute its judgment for that of the trial court. *People* v. *Crawford,* 387 Ill. 616; *People* v. *Sain,* 384 Ill. 394; *People* v. *Elder,* 382 Ill. 388; *People* v. *Bolger,* 359 Ill. 58.

The judgment of the criminal court was correct and is affirmed.

*Judgment affirmed.*