349 P.2d 118

**David Cooper NELSON, Petitioner,**

v.

**Harold A. COX, Respondent.**

No. 6691.

Supreme Court of New Mexico.

Jan. 7, 1960.

Joseph B. Zucht, Richard C. Losh, Edwin Threet, Albuquerque, for petitioner.

Hilton A. Dickson, Jr., Atty. Gen., Thomas O. Olson, Boston E. Witt, Asst. Attys. Gen., for respondent.

PER CURIAM.

Nelson is confined in the New Mexico state penitentiary awaiting execution, which has been set for Friday, January 8, 1960.

He was convicted of murder in the first degree on two different occasions, the first conviction having been reversed in State v. Nelson, 1958, 63 N.M. 428, 321 P.2d 202, and the second conviction being State v. Nelson, 1959, 65 N.M. 403, 338 P.2d 301, in which this court affirmed the conviction. Following the affirmance, Nelson petitioned the Supreme Court of the United States, where certiorari was denied. Thereafter, he applied to the district court of the first judicial district for a writ of habeas corpus, which, after a hearing, discharged the writ. Nelson thereupon filed in this court his petition for a writ of habeas corpus, setting forth therein, under five separate points, his contentions as to why the writ should be granted.

Following extensive argument and the submission of trial briefs by both Nelson and the respondent, the matter is now ripe for decision. The various points will be discussed in the order presented.

◼ Petitioner first contends that he was deprived of a fair and impartial trial and deprived of life and liberty without due process of law by reason of the fact that the trial court, in response to a question by the jury during the course of their deliberations, read to the jury the constitutional provision and the laws concerning pardon and parole. This same precise point was before us in the Nelson case in 65 N.M. 403, 338 P.2d 301, supra, wherein it was contended that this action by the trial court was reversible error. We held adversely to Nelson in the appeal and, although his argument is to a certain extent more extensive in this proceeding than it was heretofore, we do not believe that the giving of the instruction violated the due process clause of either Art. II, § 18, Constitution of New Mexico, or the Fourteenth Amendment of the Constitution of the United States. It occurs to us that the giving of the instruction did not affect the action of the court in a jurisdictional sense. The answer to the inquiry as to the instruction merely advised the jury fairly and accurately the status of the law, and in no wise attempted to influence their decision. To us, this is not an usurpation of the discretion vested in the executive branch of the government and does not violate the New Mexico constitution in this respect. The other arguments submitted by the petitioner as to this point are not persuasive, and we feel that the trial court was performing its proper duty in advising the jury of a true statement of the law as distinguished from allowing the jury to speculate upon the law if the instruction had been refused.

Admittedly, there is authority holding advice to the jury concerning pardon and parole laws to be error. However, there is just as respectable authority holding as we did. See note in 35 A.L.R.2d 769 cited in our opinion on the appeal. Nowhere have we seen it asserted that the rule adopted by us and numerous other states amounts to a denial of due process.

◼ As to the petitioner's point II, he therein contends that § 41-8-1, N.M.S.A., 1953 Comp., is unconstitutional in that it provides for the venue of the trial of criminal cases not only in the county where committed but, in addition, in the county where the death occurred, even though the fatal wound occurred in another county or another state. We need not specifically rule upon the constitutionality of this statute other than to say that the instruction given and finding pursuant thereto were within the constitutional requirement. Art. II, § 14, New Mexico Constitution.

The jury was specifically instructed that it must find, beyond a reasonable doubt,

that the fatal blow and the death occurred in the county of the venue and this the jury, by its verdict, did. Therefore, any argument that the blow or the cause of death may have occurred elsewhere is of no consequence. This is particularly true in view of what is said in the Nelson case in 65 N.M. 403, 338 P.2d 301, supra, in which we found the venue to be proper in the county where the case was tried. It should also be added, however, that there is nothing--in the record that the fatal blow or the death took place elsewhere. All of the state's case was based upon the theory that the death occurred where claimed and that the fatal blow, in view of the nature of the deceased's injuries, was struck in close proximity to the scene of the finding of the body. It would be the sheerest surmise and speculation to determine from the evidence that the affair took place in some other locality.

■ Petitioner's point III relates to the claimed lack of evidence to substantiate the felony-murder· theory, this having been a prosecution for this type of homicide. Here, again, the same contention was made in the Nelson case in 65 N.M. 403, 338 P.2d 301, 306, supra, the ·contention there and here being that'there was no causal connection between the felony and the homicide. Petitioner actually contends that the state must establish in sequence first the felony and then the murder.· This contention was directly ruled. upon in the above case in which we said: .. .. :... .. .. : ....

"If a killing is committed within the *res gestae* of the felony charged, whether the homicide occurred before or after the felony, is not determinative. (Citations.) To hold otherwise would render a felony-murder conviction practically impossible where the evidence is entirely circumstantial at least in a robbery case such as this one."

We fail to see how such a claim of error, adversely ruled upon against petitioner, can in any sense be deemed a violation of either the New Mexico or the United States Constitutions.

■ Petitioner's point IV relates generally to the fact that he attempted to disqualify the trial judge, but was unsuccessful in this attempt. Nelson filed, after the reversal of the first case, an affidavit in which he alleged that the judge who tried the initial case was about to try the second case and was prejudiced. The disqualification was refused and petitioner initially sued out a writ of prohibition in this court to prevent the trial court from hearing the second trial. The writ of prohibition was discharged· after argument. Subsequently, in the case in 65 N.M. 403, 338 P.2d 301, supra, the question was raised again, as it is today, and we therein held that there was no error in the same judge.trying the case the second time. That a prisoner at the bar is entitled to a trial with an unbiased judge presiding would seem to be self-evident.

Likewise, without reference to any questions of compliance with our disqualification statute (§ 21–5–8, N.M.S.A.1953), we might concede that trial before a prejudiced or biased judge might well result in depriving a person of constitutional rights. Petitioner has pointed to no instance of prejudice or bias on the part of the judge in the trial, but asserts his injury merely because he filed the affidavit pursuant to statute and the judge refused to honor it. From this fact alone, we do not perceive how he was prejudiced or injured. There must be something in the demeanor of the judge or his conduct of the trial which could be pointed to as injurious before the point here asserted would have any merit. Actually, the only answer made by counsel to questions asked by this court as to possible prejudice or bias related to the fact that at the first trial a confession was admitted in evidence, and that by reason thereof the trial judge had predetermined the guilt of the defendant. It should be noted that one of the reasons for the reversal of the first conviction of Nelson was on the ground that the confession was improperly admitted in evidence. Therefore, this question did not recur upon the second trial and, in addition, the action of the trial court in allowing a confession to go before a jury is not the expression on the part of the trial court as to the truth or falsity of the confession but merely his determination as a matter of law that the same was voluntary. We fail to see how such a determination by the court in the first trial could in any wise affect his fairness or impartiality in presiding over the second trial. We do not feel that there has been any violation of due process of law as guaranteed by the state or federal constitutions.

Petitioner's last point is to contend that, even though the first four errors are not in themselves a violation of the due process clause, that the cumulative effect of each of the claimed errors is to violate the petitioner's constitutional rights as to deprivation of life and liberty without due process. Having found that none of the other four points relied upon have any merit, this point need not be considered, although it might be added that even though the cumulative doctrine may have some merit on appeal, it does not in a habeas corpus proceeding, particularly when each of the claimed points have been specifically ruled upon by the highest court of the jurisdiction and are found to be without merit.

From what has been said, therefore, we feel that there has been no deprivation of any constitutional right of the petitioner and the writ will be discharged.

It is so ordered.

McGHEE, COMPTON, CARMODY, and MOISE, JJ., concur.

LUJAN, C. J., not participating.