[Crim. No. 3469. Third Dist. Oct. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM FRANCIS ELLIOTT, Defendant and Appellant.

William Francis Elliott, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris Maier, Assistant Attorney General, for Plaintiff and Respondent.

VAN DYKE, J.*— Appellant was charged with the crime of escape. (Pen. Code § 4531.) The evidence showed the following: He was convicted on March 15, 1957, in Santa Clara County of a violation of section 476a of the Penal Code. Pursuant to that commitment he was eventually transferred from Folsom State Prison and was received at the Iron Mine Camp, a division of the forestry camps under the supervision of the Department of Corrections and the Division of Forestry. On October 21, 1962, defendant was present in camp for the regular 8 p.m. check. At approximately 9 p.m. when another check was made, appellant was absent from the camp. A search was made of the entire camp and grounds and appellant was not discovered. He had not been authorized to leave the camp for any reason. He was apprehended in Bisbee, Arizona, on January 25, 1963. A correctional officer was dispatched to return appellant and he

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

was brought back to Folsom. During the course of the trip he made a free and voluntary statement to the officer regarding the circumstances of the escape. He said that he and two other inmates left in the evening and walked through the woods east to Colfax; that they caught a freight train and rode it to the summit; that they then caught another freight train and went to Ogden, Utah, where they caught another freight train to Denver, Colorado. Eventually appellant went back to Mountain View in the bay area where his mother resided and where he obtained money and clothing. He then started for Texas. He was apprehended while traveling through Arizona. He said that he left the camp because his time had not been set and he didn't know when he was getting out. It is superfluous to say that this testimony supported the judgment appealed from.

■ Appellant, who was represented by counsel, entered a plea of not guilty and his trial was set for April 23, 1963. On that date he was granted leave to enter an additional plea of double jeopardy and the trial proceeded. The prosecution moved that the plea of double jeopardy be stricken as well as all testimony adduced by defendant in support thereof. This motion was denied prior to the conclusion of the appellant's case with permission to renew. At the conclusion of the defense's case, the motion was renewed and was granted.

In addition to the claim of insufficiency of the evidence to support the judgment, which we have ruled on, appellant contends that his plea of double jeopardy should not have been stricken.

The plea of double jeopardy is predicated upon the fact that there was a disciplinary proceeding before the Adult Authority upon a charge that appellant had violated a prison rule. In that proceeding he was adjudged guilty and punished by a fine, by loss of privileges, and by a time of solitary confinement. This disciplinary action was legally insufficient to support the plea of double jeopardy in defense of a charge of escape under the Penal Code. (*People* v. *Mason,* 200 Cal. App.2d 282 [19 Cal.Rptr. 240] and cases therein cited.) As said in *People* v. *Conson,* 72 Cal.App. 509, at page 511 [237 P. 799], under almost identical facts: "... Punishment by the prison authorities for a violation of its rules or for the enforcement of necessary discipline does not place a defendant in jeopardy within the constitutional sense and it constitutes no defense whatever to a charge of the character for which defendant was tried. (*State* v. *Cahill,* 196 Iowa 486

[194 N.W. 191-194]; *People* v. *Huntley*, 112 Mich. 570-577 [71 N.W. 178].)

"A proceeding such as was here instituted by the prison board for the purpose of determining whether defendant should forfeit his credits is one administrative in character, and the board in the performance of this act does not exercise judicial functions, nor is it a judicial body. (*In re Lee*, 177 Cal. 690 [171 P. 958].)"

Appellant argues that there was no evidence offered that he was under the custody of prison officials, officers or employees; and that there was no evidence that he did, in fact, escape because he merely "walked away" from a forestry camp and not from Folsom prison. These contentions fly in the face of the record and deserve no further discussion.

Appellant also argues that the information fails to include the date of his prior conviction and he cites Penal Code sections 969 and 969a. These sections have to do with habitual criminality and are inapplicable here.

Appellant finally contends that his status, while at the conservation camp, is similar to that of a parolee and for that reason he was erroneously and unconstitutionally convicted under section 4531. He says there is no legislation to the effect that the forestry camps are considered prisons and therefore the transfer from Folsom to the camp was, in effect, a release from the confines of a prison like that of a prisoner released on parole. There is no merit here. Penal Code section 4531 provides specifically that escape from a prison forestry camp is a felony.

For the reasons given, the judgment appealed from is affirmed.

Pierce, P. J., and Schottky, J., concurred.