390 P.2d 281

STATE of New Mexico, Defendant-in-Error,

v.

Arthur Leon FREDERICK, Plaintiff-in-Error.

No. 7304.

Supreme Court of New Mexico.

March 9, 1964.

Charles S. Solomon, Santa Fe, for plaintiff in error.

Earl E. Hartley, Atty. Gen., James E. Snead, Thomas A. Donnelly, Asst. Attys. Gen., Santa Fe, for defendant in error.

COMPTON, Chief Justice.

The appellant was convicted by a jury of Santa Fe County of separate counts of sodomy involving two juveniles; separate counts of assault with a deadly weapon upon the juveniles; and separate counts of contributing to juvenile delinquency and, from the judgment imposing sentences therefor, he is here by writ of error.

The offenses were committed January 8, 1961. The appellant, then being on parole from the New Mexico State Penitentiary, was immediately returned to the state prison. On the same day a criminal complaint charging him with the offenses was filed before a justice of the peace of Santa Fe County; he was immediately arraigned and bail was fixed at $3,000.00. A preliminary hearing was scheduled before said justice for April 19, 1961 and, at the conclusion of the hearing, the appellant was held for action by the district court, and bail was again fixed at $3,000.00. The record is silent as to whether he was represented by counsel on these occasions and the record is also silent as to pleas entered by him.

Appellant was arraigned before the district court on September 27, 1961, and again the record is silent as to whether he was represented by counsel and whether he entered a plea to the charges. However, the record affirmatively shows that counsel was appointed for him February 14, 1962, and that his trial was held April 10, 1962, at which time he was represented by counsel.

The sentences imposed were for terms of not less than one year nor more than life on each sodomy count; not less than one year nor more than three years on each assault count; and not less than one year nor more than five years on each count of contributing to juvenile delinquency. The judgment provided that all sentences commence after appellant had served and completed any sentence he was then serving in the penitentiary.

Appellant contends that since he did not have benefit of counsel on his arraignments, and his failure to plead to the charges, due process, as guaranteed under the Sixth and Fourteenth Amendments of the Constitution of the United States and Article II, Section Fourteen of the Constitution of New Mexico, has been denied him. Unfortunately, we are unable to reach the question posed as our review is limited to a consideration of the record, and the record being silent, no question is presented for determination by this court. Frank Bond & Son, Inc. v. Reserve Minerals Corp., 65 N.M. 257, 335 P.2d 858; Aragon v. Kasulka, 68 N.M. 310, 361 P.2d 719.

Next, appellant challenges the validity of the sentences imposed; first, on the ground that the court erred in fixing the commencement date of the sentences after the appellant had completed the sentence or sentences he was then serving; and, second, that the maximum penalty for the offense of sodomy is for a term of three years in prison and a fine of $1,000.00. The argument is not persuasive. The court may at its discretion impose consecutive sentences. Section 41–17–29, 1953 Compilation; Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793. See also 24B C.J.S. Criminal Law § 1996(2), page 661. The term, "shall be imprisoned for not less than one (1) year, or fined in any sum not less than one thousand dollars ($1,000.00), or both, in the discretion of the court," as provided by the statute, § 40–7–7, 1953 Compilation, relates to the minimum that may be imposed; the maximum penalty is life. State v. Maestas, 63 N.M. 67, 313 P.2d 337. See also our recent case of Starkey v. Cox, N.M., 389 P.2d 203.

The point is made that the court erred in refusing to give the usual stock instruction relating to circumstantial evidence. We find no error in this regard, as the state did not rely upon circumstantial evidence to prove its case. State v. Rice, 58 N.M. 205, 269 P.2d 751; Territory v. Lermo, 8 N.M.

566, 46 P. 16. Compare State v. Miller, 41 N.M. 618, 72 P.2d 1088; State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L.R. 1368. See also 3 Wharton (Criminal Evidence) § 980.

■■ As a last point, appellant contends that even though the errors complained of are not of themselves a violation of the due process clause, nevertheless, when considered with the long delay in appointing counsel and the fact that the sheriff, after having delivered the appellant to the penitentiary, erroneously certified in his return that he had delivered another person to the warden, their cumulative effect deprived him of life and liberty without due process. The commitment was correct in every respect, except as noted, and the error is harmless. There had been a disqualification and recusal of resident judges, and it was necessary to designate another judge to try the case. Appellant had been injured in the affair' and had been hospitalized for a substantial length of time. Again the record is silent as to whether appellant had counsel prior to the designation by the trial court. The point is without merit. Compare Nelson v. Cox, 66 N.M. 397, 349 P.2d 118.

The judgment should be affirmed, and it is so ordered.

CARMODY, CHAVEZ, NOBLE, and MOISE, JJ., concur.