443 P.2d 700

**The STATE of Arizona, Appellee,**

**v.**

**Orville G. VINSON, Appellant.**

**No. 2 CA–CR 124.**

Court of Appeals of Arizona.

July 18, 1968.

Rehearing Denied Aug. 26, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Lloyd D. Brum-mage, County Atty., Pinal County, Florence, for appellee.

Orville G. Vinson, in pro. per.

HATHAWAY, Chief Judge.

This appeal in propria persona is from defendant's conviction of escape from the Arizona State Prison, a felony. No useful purpose would be served in detailing the procedural chronology of events which transpired from March 21, 1966, the date of defendant's first preliminary hearing, to November 28, 1967, the date of trial.

The defendant was represented by counsel at every stage of the proceedings. Upon request of defense counsel, he was afforded a second preliminary hearing. The record discloses several court-ordered continuances of arraignment, substitution of counsel, and an examination, ordered on defendant's motion for same, under Rule 250, Rules of Criminal Procedure, 17 A.R.S. Based on the report of the examining psychiatrists, the defendant was committed to the Arizona State Hospital on November 1, 1966, until such time as he would be able to understand the nature of the proceedings against him and assist counsel in his defense.

The defendant was released from the State Hospital on December 21, 1966, and was arraigned on March 21, 1967, at which time he pleaded not guilty and waived the 60-day period for trial. During this three month interval, another mental examination was conducted and it was determined that the defendant was able to understand the proceedings and assist counsel in his defense. The trial date was reset numerous times either with defendant's consent or at his request.

The defendant urges "double jeopardy" and "due process" grounds for reversal of his conviction. He contends that the trial court erred in refusing to grant his motion to dismiss during the course of the trial. He argued to the court that trying him for the offense of escape would amount to double jeopardy in that he had already been punished by the prison officials by

confinement in isolation for fifteen days. There is no merit to this contention. Such disciplinary action, arising out of the escape, does not preclude a subsequent trial for escape nor support a plea of double jeopardy. Rush v. United States, 290 F.2d 709 (5th Cir. 1961); Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir. 1958); People v. Elliott, 221 Cal. App.2d 575, 34 Cal.Rptr. 560 (1963); People v. Mason, 200 Cal.App.2d 282, 19 Cal. Rptr. 240 (1962); Schwickrath v. People, 159 Colo. 390, 411 P.2d 961 (1966); State v. Williams, 57 Wash.2d 231, 356 P.2d 99 (1960).

■ The defendant contends that the trial court should have granted his motion to dismiss predicated upon the grounds that he was denied due process of law because " * * * the preliminary hearing was held four months after the Information was filed and a plea was not sought for in excess of one year after the filing of the information." [1] The record of the proceedings below completely refutes the defendant's claim of deprivation of due process requirements. He, in fact, was afforded two preliminary hearings, one prior to the filing of the original information and a subsequent one upon his motion to remand for another preliminary examination. The many continuances and attendant delays were either with the defendant's consent or at his request. His motion to dismiss was therefore properly denied by the trial court. See State v. Cuzick, 5 Ariz.App. 498, 428 P.2d 443 (1967).

■ The defendant's final complaint appears to be directed to the fact that a second information was filed in the case without quashing the original information. This second information, a replica of the original information, was filed after remand for a second preliminary hearing at the conclusion of which the defendant was once again held to answer for the charge of escape. We see no jurisdictional flaw. When the second information was filed, it stood in lieu of the original one which is deemed quashed or superseded. Armstrong v. United States, 16 F.2d 62 (9th Cir. 1926); State v. Berry, 298 S.W.2d 429 (Mo.1957).

The defendant, although indigent, did not avail himself of the right to have counsel appointed to prosecute his appeal, apparently preferring to undertake it on his own behalf. In accordance with the mandate of A.R.S. § 13–1715, we have examined the entire record for fundamental error and have found none.

Finding no reversible error, the judgment is affirmed.

KRUCKER and MOLLOY, JJ., concur.

---

1. Quotation from appellant's brief.