483 P.2d 309

George Paul WASHINGTON, Petitioner-Appellant,

v.

Felix RODRIGUEZ, Respondent-Appellee.

Leon AUSTIN, Petitioner-Appellant,

v.

Felix RODRIGUEZ, Respondent-Appellee.

No. 537.

Court of Appeals of New Mexico.

March 5, 1971.

Owen M. Lopez, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for George Paul Washington.

Thomas A. Donnelly, Catron, Catron & Donnelly, Santa Fe, for Leon Austin.

James A. Maloney, Atty. Gen., Santa Fe, Thomas L. Dunigan, Asst. Atty. Gen., for respondent-appellee.

## OPINION

SPIESS, Chief Judge.

Defendants Washington and Austin, by separate motions under Rule 93, [§ 21–1–1 (93), N.M.S.A. 1953 (Rpl.Vol. 4)] seek to vacate sentences which had been imposed upon them on April 14, 1961, following their conviction of the crime of sodomy under Chapter 78, Laws of 1955 (now repealed).

The motions were consolidated for hearing in the district court and are so presented here. Denial of the motions after hearing by the trial court resulted in this appeal. We affirm.

Separate briefs have been filed on behalf of each defendant and, as will be shown, certain of the points in each brief present the same questions while others require separate consideration.

The following are the relevant facts. Both defendants were charged with having committed the crime of sodomy while inmates of the penitentiary of New Mexico. They were jointly tried and convicted and each sentenced to a term of not less than one year; no maximum sentence was specified by the court. The sentences so imposed were to run concurrently with the sentences each of the defendants were then serving. It appears that prior to conviction of the crime of sodomy and after the act had allegedly been committed, defendants were both punished on account of the act by penitentiary authorities. The punishment consisted of solitary confinement, restricted diet, and the denial of certain privileges.

After serving a period of time in the penitentiary, both defendants were paroled; thereafter, parole was revoked as to each of them and they were returned to the penitentiary. At the time the motions were filed, which we are considering, both defendants were serving the sentences imposed for sodomy. Defendant Austin, however, at the time was also serving a sentence for the theft of an automobile.

The material portions of the sodomy statute involved follow:

Chapter 78, Laws of New Mexico 1955. "Section 1. Sodomy consists of a person taking into his or her mouth or anus the sexual organ of any other person or animal or placing his or her sexual organ in the mouth or anus of any other person or animal. Any penetration, however, slight, is sufficient to complete the crime of sodomy. Both parties may be principals.

"Section 2. Any person convicted of the crime of sodomy, as defined in Section 1 of this Act shall be imprisoned for not less than one (1) year, or fined in any sum not less than one thousand dollars ($1,000.00), or both, in the discretion of the court."

At the time the sentences were imposed the Indeterminate Sentence Act, § 41–17–1, N.M.S.A.1953 (now repealed) was applica-

ble. The maximum penalty, although not specified by statute, (Sec. 2 above quoted) or pronounced by the court, was life imprisonment. State v. Frederick, 74 N.M. 42, 390 P.2d 281 (1964); Starkey v. Cox, 73 N.M. 434, 389 P.2d 203 (1964); See State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957); State v. Sisneros, 81 N.M. 194, 464 P.2d 924, (Ct.App.1970).

Both defendants take the position that the maximum penalty of life imprisonment constitutes cruel and unusual punishment prohibited by Article II, Section 13, of the Constitution of New Mexico and the Eighth Amendment to the Constitution of the United States.

■ This contention, in our opinion, is properly to be considered in the light of the Indeterminate Sentence Act, the purpose of: which was rehabilitation of the convicted person, with his release by parole from the penal institution to which he was sentenced, between the minimum and maximum term. In McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1963), the court, in commenting upon the objects and purposes of the Indeterminate Sentence Act, said:

"* * * the principles of indeterminate sentence, probation, paroles and pardons, in varying degrees, have been adopted.

"These advocate a break from the definite and fixed sentence in favor of an indeterminate period of punishment which would be proportioned to the progress of the prisoner toward rehabilitation. This is accomplished by making incarceration and its duration a matter within the discretion of competent parole authorities. In this manner the 'punishment' is made to fit the offender rather than the crime."

■ The objects and purposes of the Indeterminate Sentence Act, which form the basis for fixing the maximum penalty of life imprisonment, in our opinion, clearly preclude a determination that cruel and unusual punishment results from the sentence. See State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967). Authorities cited by defendants do not, in our opinion, support their contention when considered in connection with the Indeterminate Sentence Act.

■ Both defendants further contend that the sentence imposed by the court for sodomy amounts to double jeopardy because defendants had already been punished by the prison officials for the same offence. This contention, in our opinion, is without merit.

In People v. Eggleston, 255 Cal.App.2d 337, 63 Cal.Rptr. 104 (1967), considered a like contention involving the crime of possession of a knife while confined in a prison, and held:

"* * * prison disciplinary measures do not bar subsequent prosecution in a criminal action for violation of a penal statute prohibiting the same act which was the basis of the prison discipline * * *"

This rule accords with the view expressed by the majority of courts which have considered the question. See State v. Vinson, 8 Ariz.App. 93, 443 P.2d 700 (1968) and authorities therein cited. We think this rule is properly applicable here.

Defendant Austin, by his final point, contends that the cumulative effect of sentencing him to a maximum term of life imprisonment, together with the imposition of administrative punishment, constitutes a violation of due process violative of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States and Article II, Section 18 of the Constitution of New Mexico. This contention is without merit because it is based upon the claimed points which we have specifically ruled upon and found to be without merit. See Nelson v. Cox, 66 N.M. 397, 349 P.2d 118 (1960).

■■ The defendant, Washington, contends that consent on his part and that of Austin to the act of sodomy constitutes a complete defense to the crime charged. We are unable to determine from the record before us whether such defense, if it be so considered, was presented to the trial court at the time the trial was had upon

the charge involved. Assuming that such defense was presented, in our opinion, consent, under the statute, presents no defense. People v. Elder, 382 Ill. 388, 47 N.E.2d 694 (1943); State v. Langelier, 136 Me. 320, 8 A.2d 897 (1939). Force is not an element of the crime.

 Washington next attacks the constitutionality of the statute on the ground that it violates a right of privacy. We see nothing in the language of the Act which can reasonably be considered as violative of any constitutionally protected area, nor does the record disclose an unconstitutional application of the law in the particular instance. Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), is relied upon by defendant in support of his attack upon the Act. In *Griswold* the constitutionality of a Connecticut statute which made the use of contraceptives and also the giving of information or advice respecting the use of contraceptives a criminal offence was challenged. The Supreme Court held the Act invalid as an unconstitutional invasion of the right of privacy of married persons. The area of conduct considered here was not involved in *Griswold*, nor could the right of privacy there considered be properly applied as between inmates of a penal institution so as to hold the statute unconstitutional as to such persons.

Defendant Washington, by Points V and VI, contends (a) that he was not advised of his constitutional rights at the time of his arrest. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and (b) that he was denied assistance of counsel at material stages of the proceedings. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

 Defendant Washington's conviction became final in 1961, which was prior to the decisions in *Escobedo* and *Miranda*. Neither decision is accorded retroactive effect. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Consequently, neither *Escobedo* nor *Miranda* will support a claim of error in this case.

Judgment of the trial court is affirmed. It is so ordered.

WOOD and HENDLEY, JJ., concur.