This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    NO.   32,077

**TOMMY VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Sergio L. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Tommy Valdez (Defendant) appeals his conviction for aggravated assault entered pursuant to a conditional guilty plea reserving the right to appeal the denial of his motion to dismiss for a speedy trial violation. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, as well as a motion to amend the docketing statement, both of which we have duly considered. As we are not persuaded by Defendant's arguments, we deny his motion to amend, and we affirm.

**Speedy Trial**

In our notice of proposed summary disposition, we pointed out that it appeared that the only motion Defendant actually made in the district court based on a claimed speedy trial violation was an oral motion he made on June 6, 2011, less than one year after the indictment. Since less than a year had passed since the date of the indictment, we proposed to conclude that the time was insufficient to trigger a speedy trial analysis under *State v. Garza*, which provides that, even in a simple case, the speedy trial analysis is not triggered until there has been at least twelve months' delay. 2009-NMSC-038, ¶ 48, 146 N.M. 499, 212 P.3d 387. Therefore, we proposed to hold that the district court did not err in denying the June 6, 2011 motion.

In Defendant's memorandum in opposition, he does not assert that the district court erred in denying the June 6, 2011 motion. Instead, he argues that the district

court erred in failing to subsequently dismiss the case for a speedy trial violation as of February 6, 2012, when Defendant entered his plea. [MIO 3] However, Defendant does not assert that he actually made a motion to dismiss on that date or sought any other ruling on a renewed claim of a speedy trial violation. Instead, Defendant suggests that because he reserved the right to appeal the speedy trial issue in his plea agreement, the district court should have known that the issue he sought to appeal was not the denial of the June 6 motion, but some later implied motion that he never actually made in the district court. We decline to find any error based on the district court's failure to rule on a motion that was never made. "It is well-settled law that in order to preserve a speedy trial argument [for appellate review], [the d]efendant must properly raise it in the lower court and invoke a ruling." *State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942. Even when a defendant has filed a motion to dismiss based on speedy trial grounds, this Court will not review the issue if the district court has not made a ruling on the motion, since the speedy trial analysis requires factual determinations that must be made in the first instance in the district court. *Id.*; *see also State v. Olivas*, 2011-NMCA-030, ¶ 22, 149 N.M. 498, 252 P.3d 722 (same), *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520.

We recognize that Defendant attached a "memorandum of understanding" about certain facts to his plea agreement [RP 51], but this memorandum has no impact on

3

our decision in this case. First, it is not clear what effect this memorandum of understanding was intended to have, other than to ensure that Defendant reserved his right to appeal the speedy trial issue, a right that was already reserved in the plea and disposition agreement itself. Although the memorandum recites certain facts, it is not an agreement between Defendant and the State about the factual predicate of a speedy trial claim, since the prosecutor's signature is "[n]oted as to form only." [RP 53] The memorandum is not signed by the district court, and it therefore cannot be construed as a set of factual findings relevant to any speedy trial claim Defendant may have had.

Because the district court did not err in denying Defendant's June 6, 2001 motion to dismiss on speedy trial grounds, and because it did not err in declining to rule on a subsequent motion that was never made, we find no reversible error on the basis of Defendant's claim of a speedy trial violation.

**Motion to Amend the Docketing Statement**

Valdez moves this Court to permit him to amend his docketing statement to add a claim that his conviction in this case violated his right to be free from double jeopardy because he had already been punished for the assault on the prison guard when he was administratively disciplined by the prison. [MIO 6-11] We deny Defendant's motion to amend because the issue he seeks to raise is not viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the

4

defendant's motion to amend the docketing statement to add a new issue when the issue sought to be added was not viable).  The law in New Mexico is that solitary confinement and other disciplinary actions taken by a correctional facility do not give rise to double jeopardy protections.  *See Washington v. Rodriguez*, 82 N.M. 428, 429, 483 P.2d 309, 310 (Ct. App. 1971) (holding that disciplinary action by penitentiary authorities, including "solitary confinement, restricted diet, and the denial of certain privileges," did not bar subsequent prosecution in a criminal action for the act that was the basis of the prison discipline).

Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

5

**TIMOTHY L. GARCIA, Judge**