Filed 8/27/25  P. v. Hesselberg CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SILAS MATTHEW HESSELBERG,<br><br>Defendant and Appellant. | F089225<br><br>(Super. Ct. No. DF018020C)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Silas Matthew Hesselberg, in pro. per.; and Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Snauffer, J. and Fain, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant Silas Matthew Hesselberg appeals from the sentence imposed after he pleaded no contest to the charge of aggravated assault upon an inmate. Appellant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting this court independently review the record. Appellant then submitted a separate supplemental letter brief raising two points he wishes to have reviewed. For the reasons set forth below, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2023, appellant and two codefendants were charged with one count of assault with force likely to produce great bodily injury by an inmate in state prison, with a special allegation of causing great bodily injury and allegations appellant had three prior serious violent felony convictions. The preliminary hearing evidence showed that appellant and his two codefendants attacked and injured a fellow inmate. The victim suffered a broken nose, along with cuts and swelling to the face, back of the head, and ears.

Appellant eventually pleaded no contest to the assault charge and admitted having one prior strike conviction in exchange for a four-year sentence, comprising the low term doubled for the strike, and confirmation that the plea agreement did not result in an additional strike. Appellant completed and initialed a plea form, and the trial court conducted a thorough plea colloquy. Included in that colloquy was confirmation that appellant had spoken to his lawyer, understood the rights he was waiving, and had an opportunity to ask any further questions of his lawyer. It also included a second opportunity for appellant to discuss matters with counsel after he first denied the alleged prior strike conviction allegation. Appellant did not request further time to discuss the matter before then admitting he had a prior strike conviction.

Appellant was later sentenced to the four-year term contemplated by his plea agreement, along with the statutory minimum for certain fines and fees, some of which were suspended. Appellant raised no issues with counsel.

2.

This appeal timely followed.

## DISCUSSION

As noted above, appellant's counsel has filed a brief asserting he found no arguable issues on appeal, and appellant has filed a subsequent letter brief asserting issues he contends are worth review.

### *Applicable Law*

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

"[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

"[I]n affirming the judgment rendered in a [*People v.*] *Wende* appeal, the Court of Appeal must prepare a written opinion that describes the contentions personally raised by the defendant and the reasons those contentions fail. In addition, the Court of Appeal must provide a brief description of the underlying facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed," along with any further information the court deems appropriate for an adequate written opinion. (*People v. Kelly, supra*, 40 Cal.4th at p. 124.)

***Appellant's Supplemental Brief Issues Fail***

Appellant's first claim in his supplemental letter brief is that he should have been subject to the protections of double jeopardy because he had already received a loss of good time credits as a prison-based punishment for his actions.  However, it is well settled that prison rules violation proceedings based on the same conduct that underlies a new criminal charge do not support double jeopardy claims.  (*People v. Elliott* (1963) 221 Cal.App.2d 575, 577; *People v. Eggleston* (1967) 255 Cal.App.2d 337, 338–340.)

Appellant's second claim asserts he received ineffective assistance of appellate counsel because the first issue was not raised and appellate counsel was not sufficiently responsive to his calls and letters.  Our resolution of the first issue confirms that appellant cannot show deficient performance resulting in prejudice.  (See *In re Hampton* (2020) 48 Cal.App.5th 463, 477 [discussing standards and burden of proof for ineffective assistance of appellate counsel claims].)

In reviewing the issues raised in appellant's letter brief, this court undertook a thorough review of the record and is satisfied no arguable errors exist that would result in a disposition more favorable to appellant.  (See *People v. Wende, supra*, 25 Cal.3d at pp. 441–443.)  To the extent appellant's supplemental letter brief also requests his appellate counsel be removed and replaced, we are satisfied that appointed counsel fully complied with his responsibilities and therefore deny the request.  (See *id.* at p. 442.)

## DISPOSITION

The judgment is affirmed.  Appellant's request for new appointed appellate counsel is denied.