845 P.2d 1259

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Christopher Eugene YPARREA, Defendant–Appellant.**

**No. 13622.**

Court of Appeals of New Mexico.

Dec. 4, 1992.

Certiorari Denied Jan. 13, 1993.

Sammy J. Quintana, Chief Public Defender, Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant appeals from the judgment and sentence imposed following his convictions for residential burglary, larceny, criminal damage to property, and making a false report. The sole issue raised on appeal is whether Defendant's prior conviction as a felon in possession of a firearm, and the underlying or predicate felony for such conviction, may properly be used as separate felonies for purposes of enhancing Defendant's later felony convictions under the habitual offender statute. NMSA 1978, § 31–18–17 (Repl.Pamp.1990). A second issue raised by Defendant in his docketing statement but not briefed is deemed abandoned. *See State v. Castrillo*, 112 N.M. 255, 256, 814 P.2d 123, 124 (Ct.App.),

*cert. denied,* 112 N.M. 235, 814 P.2d 103 (1991). We affirm.

On October 17, 1991, following Defendant's felony convictions of burglary and larceny, the State filed a supplemental criminal information charging him as an habitual offender under Section 31–18–17. The supplemental information listed two prior felonies: a 1986 conviction for receiving stolen property, and a 1988 conviction for felon in possession of a firearm. At the sentencing hearing, Defendant argued that the 1986 conviction should not be utilized to enhance his sentence because it had served as the predicate felony for the 1988 felon in possession of a firearm conviction. *See* NMSA 1978, § 30–7–16 (Cum.Supp. 1992). The trial court rejected Defendant's argument and enhanced his burglary and larceny convictions based upon his prior 1986 and 1988 convictions. *See* § 31–18–17(C).

## ISSUE OF PRESERVATION

The State contends that Defendant's challenge to the propriety of the enhancement of his sentence is not subject to appellate review because the record does not affirmatively indicate that the 1986 conviction for receiving stolen property was, in fact, the predicate felony that was utilized to support his 1988 conviction as a felon in possession of a firearm. *See State v. Martin,* 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (in order for appellate court to review claim of error, appellant must show that issue appears of record and was properly raised below). We disagree.

Although the 1988 judgment is contained in the record proper, it does not list the underlying felony. Nevertheless, even though the prosecutor had discretion not to list all of Defendant's prior felonies in the habitual-offender information, *see March v. State,* 109 N.M. 110, 111, 782 P.2d 82, 83 (1989), we find it significant that the supplemental information lists only Defendant's 1986 and 1988 convictions. Moreover, at the sentencing hearing the prose-

cutor conceded that Defendant's 1986 conviction served as the predicate felony for the 1988 conviction. We conclude that the record in this case is adequate to preserve Defendant's argument for review on appeal.

## ENHANCEMENT OF SENTENCES

Defendant argues that the trial court erred in enhancing his sentences under the habitual offender statute, Section 31–18–17. He asserts that under *State v. Haddenham*, 110 N.M. 149, 793 P.2d 279 (Ct. App.), *cert. denied*, 110 N.M. 183, 793 P.2d 865 (1990), the use of his 1986 felony conviction of felon in possession of a firearm cannot be used again to enhance his current sentence pursuant to the habitual offender statute, and that the use of his prior conviction violates state and federal prohibitions against double jeopardy.

In *Haddenham* we held that the State may not make "double use" of a single felony by using it to both convict a defendant under Section 30–7–16 and to enhance the sentence for that conviction under the habitual offender statute. Our conclusion in *Haddenham* was based upon three considerations. First, we noted that the statutes in question shared the common purpose of deterring recidivism by placing convicted felons on notice that they will be subject to greater punishment for subsequent offenses. Second, we observed that neither statute indicated the existence of a legislative intent to permit the double use of facts both to prove the offense of felon in possession of a firearm, and to enhance the defendant's sentence under the habitual criminal statute. Third, we characterized the felon in possession of a firearm statute, § 30–7–16, as a specific statutory offense that governs over the general provisions of the habitual offender statute, § 31–18–17. *Haddenham*, 110 N.M. at 152–53, 793 P.2d at 282–83.

Defendant argues that the "double use" concerns that guided this Court's holding in *Haddenham* apply with equal force to the facts of the present case. He argues that his first felony conviction is being used twice to enhance his 1991 sentence—both to prove the 1988 felony (felon in possession of a firearm) and also by itself as a second prior felony. In response, however, the State contends that a plain reading of the habitual offender statute evinces a legislative intent to require the imposition of a four-year enhancement of Defendant's current sentences. The State also argues that Defendant's 1986 conviction for receiving stolen property is only being used for the single purpose of enhancing his current sentence as an habitual offender. We find these arguments persuasive.

■ The reasons which precluded the double use of a felony, as outlined in *Haddenham*, do not apply to the facts of the present case. Here, the facts from his prior felonies were not used to prove commission of any of Defendant's current felony charges; instead, Defendant's two prior felony convictions constituted the offenses used to enhance his sentences for burglary and larceny in the instant case. This is not a case in which a prior felony was "already taken into account in determining the punishment for the specific crime [of burglary or larceny]." *State v. Peppers*, 110 N.M. 393, 400, 796 P.2d 614, 621 (Ct.App.) (state is not precluded from enhancing the defendant's sentence where the same facts are not used both to prove the felony offense and to enhance the punishment), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990); *see generally Swafford v. State*, 112 N.M. 3, 810 P.2d 1223 (1991). The facts and elements of Defendant's 1986 predicate felony of receiving stolen property and his 1988 felony conviction for felon in possession of a firearm are both separate in time and involve different facts from those underlying his felony convictions in the present case. Moreover, the use of Defendant's two prior felony convictions to enhance his current felony sentences is in accord with the legislative purposes underlying the enactment of our general habitual offender sentencing. *See State v. Linam*,

93 N.M. 307, 309, 600 P.2d 253, 255 (legislative intent of habitual criminal statute is to provide an increased penalty in order to provide deterrent to commission of subsequent felonies), *cert. denied,* 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979). Under the circumstances shown here, the State is not precluded from utilizing both Defendant's 1986 and 1988 convictions to prove that he was subject to the enhancement of his sentences under Section 31–18–17(C).

Examination of Section 31–18–17, we think, discloses a legislative intent authorizing the imposition of an enhanced punishment upon individuals who continue to engage in criminal behavior resulting in additional felony convictions following their initial convictions. *See Linam,* 93 N.M. at 309, 600 P.2d at 255. The purpose of Section 31–18–17 is to deter further criminal acts by imposing threat of a substantially more severe penalty for subsequent offenses. *See id.; see also State v. Hubbard,* 113 N.M. 538, 541–42, 828 P.2d 971, 974–75 (Ct.App.), *cert. denied,* 113 N.M. 352, 826 P.2d 573 (1992); *State v. Calvillo,* 112 N.M. 140, 142, 812 P.2d 794, 796 (Ct. App.), *cert. denied,* 112 N.M. 77, 811 P.2d 575 (1991).

As observed by our Supreme Court in *Linam,* the habitual offender statute holds an increased penalty *in terrorem* over a criminal in an effort to deter repetitive criminal behavior and encourage reformation. *Linam,* 93 N.M. at 309, 600 P.2d at 255. Under such circumstances, a defendant is not being punished twice for a previous criminal offense; instead, the statute imposes a greater punishment for a subsequent offense because of a defendant's continued criminal conduct. "The propriety of inflicting [greater] punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912).

Defendant also argues that the rule of lenity precludes the imposition of an enhanced sentence under the facts of the present case. While it is true that "[d]oubts about the construction of criminal statutes are resolved in favor of the rule of lenity," *State v. Keith,* 102 N.M. 462, 465, 697 P.2d 145, 148 (Ct.App.), *cert. denied,* 102 N.M. 492, 697 P.2d 492 (1985), the rule of lenity, however, has no application unless " 'a reasonable doubt persists about a statute's intended scope even *after* resort to "the language and structure, legislative history, and motivating policies" of the statute.' " *State v. Edmondson,* 112 N.M. 654, 658, 818 P.2d 855, 859 (Ct.App.), *cert. quashed,* 112 N.M. 641, 818 P.2d 419 (1991) (quoting *Moskal v. United States,* 498 U.S. 103, 107–108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449, 458 (1990) (quoting *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (emphasis in *Moskal*)). Having no such reasonable doubt, we hold that Section 31–18–17 applies to the facts before us.

## CONCLUSION

We affirm the judgment and sentences imposed by the trial court.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.