Christopher YPARREA, Petitioner–Appellant,

v.

Donald A. DORSEY, Warden, and Attorney General of New Mexico, Respondents–Appellees.

No. 94–2196.

United States Court of Appeals,
Tenth Circuit.

Sept. 1, 1995.

578

Kurt J. Mayer, Asst. Federal Public Defender, Office of Federal Public Defender, Las Cruces, NM, for petitioner-appellant.

Tom Udall, Atty. Gen. (Patricia A. Gandert with him on the brief), Office of Atty. Gen., State of New Mexico, Santa Fe, NM, for respondent-appellees.

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

HENRY, Circuit Judge.

New Mexico prisoner Christopher Eugene Yparrea appeals from the dismissal of his habeas corpus petition. He contends that the state subjected him to double jeopardy when it enhanced his sentence using two prior felonies, the first of which had already been used to establish the second. Additionally, he contends that it was double jeopardy to impose consecutive sentences for burglary and larceny on the same set of facts. For the reasons given below, we affirm.

## BACKGROUND

Christopher Eugene Yparrea is a New Mexico prisoner currently serving a twelve and one-half year sentence for residential burglary, larceny, criminal damage to property under $1000, and making a false report. He was arrested after he broke into a house and stole a television, a videocassette recorder, and other electronic gear. He has two prior felonies: in 1986 he was convicted of receiving stolen property, and in 1988 he was convicted of being a felon in possession of a firearm. The 1986 conviction was used to establish his status as a felon in the 1988 case.

Mr. Yparrea's present sentence was enhanced by a total of eight years (two four-year enhancements on the burglary and larceny charges) under New Mexico's habitual criminal offender statute, N.M.Stat.Ann. § 31–18–17. He challenged the enhancement on double jeopardy grounds in state court, and lost. *State v. Yparrea,* 114 N.M. 805, 845 P.2d 1259 (App.1992), *cert. denied,* 114 N.M. 720, 845 P.2d 814 (1993).

Mr. Yparrea then filed a habeas petition, re-urging the enhancement issue and arguing additionally that conviction for burglary and larceny on the same set of facts was also double jeopardy. The case was assigned to a magistrate, who initially recommended dismissing the case without prejudice so that Mr. Yparrea could exhaust his state appeals on the new issue. The magistrate then amended his recommendation; he concluded that it was preferable to consider and dismiss the unexhausted claim at once because it failed to raise a colorable federal issue. *See Miranda v. Cooper,* 967 F.2d 392, 400 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992). The district court adopted the amended recommendation and dismissed the petition with prejudice. The present appeal follows.

## DISCUSSION

We review the district court's decision on both double jeopardy issues *de novo, United States v. Raymer,* 941 F.2d 1031, 1037 (10th Cir.1991), and affirm.

*A.*

■ Mr. Yparrea's first contention is that his Fifth Amendment double jeopardy rights

were violated when his 1986 conviction for receiving stolen property was used twice: once when he was convicted of being a felon in possession of a firearm, and again when his current sentence was enhanced by a total of eight years. The Double Jeopardy Clause prohibits the state from imposing multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969).

Mr. Yparrea does not contend that sentencing enhancements in general are a second punishment for a prior offense. Like all such statutes, New Mexico's habitual offender statute does not multiply punishments for a prior crime, but simply increases the punishment for a new crime. *See Yparrea,* 114 N.M. at 808, 845 P.2d at 1262. *See generally Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912). Because sentences enhanced under habitual offender statutes are not punishment for the prior offense, they do not normally raise double jeopardy issues.

Mr. Yparrea nonetheless urges that his particular enhancements are impermissible under *State v. Haddenham,* 110 N.M. 149, 793 P.2d 279 (App.1990), *cert. denied,* 110 N.M. 72, 792 P.2d 49 (1990). There the court held that it was double jeopardy to use a single prior conviction to establish that the defendant was a felon in possession of a firearm (a felony under N.M.Stat.Ann. § 30–7–16) and then to enhance the resulting sentence. *Id.* at 153, 793 P.2d at 283. The court reasoned that while the habitual offender statute did not expressly prohibit the use of the same offense both to convict and to enhance the resulting sentence, the legislature did not intend such double use to occur. Mr. Yparrea argues from *Haddenham* that the use of his 1986 conviction once to establish the 1988 felony, and again to enhance his current sentence, is likewise double jeopardy.

■ Whether punishments are "multiple" is essentially a question of legislative intent. *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984). To determine the intent of a state legislature we turn to state court decisions. *Mansfield v. Champion,* 992 F.2d 1098, 1100 (10th Cir.

1993). In this case, we need not go far. Despite Mr. Yparrea's statement to the contrary, the New Mexico court that heard his appeal correctly distinguished *Haddenham* and determined that his enhancement did not violate legislative intent. *Yparrea,* 845 P.2d at 1261–62. We accept that determination as dispositive.

### B.

■ Mr. Yparrea also argues that his convictions and consecutive sentences for burglary and larceny violated double jeopardy because they were based on the same underlying transaction or conduct. He argues first that the two charges arose from the same transaction, and second that in this case larceny was a "lesser included offense" of burglary. Nonetheless, the magistrate judge concluded that this was not a colorable claim, and so recommended dismissal under *Miranda v. Cooper, supra.*

We agree that this was not a colorable claim. First, the pure "same transaction" test for double jeopardy, although defensible on policy grounds, *see Ashe v. Swenson,* 397 U.S. 436, 453–54, 90 S.Ct. 1189, 1199–1200, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring), has never been the law. It is true that *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), created a similar but narrower test in the context of multiple prosecutions, finding double jeopardy wherever an element of the second crime is established by proving conduct that was part of a previously prosecuted offense. But *Grady* was overruled by *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). After *Dixon,* the correct test is the one first set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): double jeopardy does not occur as long as each punished offense requires proof of a fact that the other does not. *See Dixon,* —— U.S. at ——, 113 S.Ct. at 2856.

*Blockburger* also precludes Mr. Yparrea's second argument, that his sentence violates double jeopardy because larceny is a lesser included offense of burglary. *See Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 2227,

**580**

53 L.Ed.2d 187 (1977) (holding that the Fifth Amendment forbids cumulative punishment for greater and lesser included offenses). Larceny is not a lesser included offense of burglary. Each crime includes an element not contained in the other. Burglary requires entry into a dwelling, N.M.Stat.Ann. § 30–16–3; larceny does not, N.M.Stat.Ann. § 30–16–1. Larceny requires an actual taking, *id.;* burglary does not. Thus, a separate sentence for each survives the *Blockburger* test.

Nor do the crimes of burglary and larceny "merge" in New Mexico. Burglary is in a sense a crime of attempt; an element of common law burglary surviving in most statutory schemes is that the dwelling be entered "with the intent to commit any felony or theft therein." N.M.Stat.Ann. § 30–16–3. *See generally* 2 Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* § 8.13(e) (1986). Once the defendant enters the dwelling with the requisite intent, the burglary is complete. Thus, burglary and larceny did not merge at common law, *see King v. Vandercomb*, 2 Leach. 708, 717, 168 Eng.Rep. 455, 460 (K.B.1796) (allowing prosecution for breaking and entering with intent to steal after dismissal of previous prosecution for breaking and entering and stealing); *Morgan v. Devine*, 237 U.S. 632, 639 & n. 1, 35 S.Ct. 712, 713–14 & n. 1, 59 L.Ed. 1153 (1915) (reviewing cases and commentary), and do not merge in New Mexico, *State v. McAfee*, 78 N.M. 108, 111, 428 P.2d 647, 650 (1967); *State v. Deats*, 82 N.M. 711, 716, 487 P.2d 139, 144 (App.1971). As above, we look to state court decisions to define merger for double jeopardy purposes. In light of such clear state precedent, we perceive no error in the magistrate's conclusion that this is not a colorable claim.

The district court's order dismissing the habeas petition with prejudice is AFFIRMED. The mandate shall issue forthwith.