**UNITED STATES COURT OF APPEALS**
**Filed 2/16/96**
**TENTH CIRCUIT**

PAUL HUBBARD, )
)
    Petitioner - Appellant, )
) No. 95-2085
v. ) (D.C. Civ. No. 92-353-MV)
) (D. N.M.)
DONALD A. DORSEY, ATTORNEY GENERAL )
OF THE STATE OF NEW MEXICO, )
)
    Respondent - Appellee. )

## ORDER & JUDGMENT[*]

Before **EBEL**, **McWILLIAMS**, and **LUCERO**, Circuit Judges.

Paul Hubbard appeals from the denial of his petition for a writ of *habeas corpus*.

Hubbard was convicted after a bench trial in New Mexico state court for possession with

intent to distribute cocaine. Because of various prior convictions, his conviction was

transmuted into a first degree felony and he was sentenced as a habitual offender. On

appeal, he argues his due process rights were violated because the evidence was

insufficient to support a finding that he intended to distribute cocaine. He also challenges

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the use of prior convictions to enhance his sentence as a violation of the Double Jeopardy Clause. We affirm.

When reviewing constitutional challenges, brought under 28 U.S.C. § 2254, to the sufficiency of evidence supporting a state conviction, we will grant relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The state's key witness was a Roswell, New Mexico police officer who testified as an expert that certain items of evidence, including a scale, cash, and list of names, along with the fact that Hubbard possessed eighteen grams of cocaine, indicated an intent to distribute cocaine. No objection was made to the introduction of this expert testimony. On direct appeal in state court, Hubbard did not argue that the officer's opinions were improperly admitted. See State v. Hubbard, 828 P.2d 971 (N.M. Ct. App.), cert. denied, 826 P.2d 573 (N.M. 1992). Here, Hubbard argues that because the officer lacked the qualifications to render the opinions he gave, the evidence is insufficient to sustain a conviction. However, under New Mexico law, whether an expert is qualified is a factor only in the admissibility of such testimony. People v. Alberico, 861 P.2d 192, 202 (N.M. 1993). Once admitted, the trier of fact may give expert testimony whatever weight it deems appropriate. Id. at 200. Because Hubbard does not argue that this testimony was improperly admitted, we will consider the testimony as we evaluate the sufficiency of the evidence.

2

None of the cases cited by Hubbard support the proposition that the state's evidence was insufficient to sustain a conviction for possession with intent to distribute. United States v. Martinez, 44 F.3d 148 (2d Cir. 1995), was vacated and superseded by an opinion finding that the evidence presented in that case was sufficient to sustain a conviction, and therefore provides Hubbard no support. See United States v. Martinez, 54 F.3d 1040 (2d Cir.), cert. denied, 116 S.Ct. 545 (1995).

In United States v. Latham, 874 F.2d 852 (1st Cir. 1989), possession of slightly less than one ounce of cocaine was found insufficient to support a finding of intent to distribute. Id. at 862-63. However, unlike Hubbard, the defendant in Latham did not possess a scale, list of names that could be viewed as a customer list, or other indicia of distribution. Further, in Latham a government expert testified that a heavy user could consume an ounce of cocaine in two days or less. Id. at 863. In contrast, the expert here testified that a heavy cocaine user could consume only two grams per day.

In the same vein, the court in United States v. Franklin, 728 F.2d 994 (8th Cir. 1984), overturned a conviction for possession with intent to distribute when the defendant possessed thirty-five grams of cocaine that was forty-two percent pure. See id. at 996. In Franklin, there was no evidence supporting an inference of intent to distribute comparable to the scale or bundle of cash found here. See id. at 1000. Because the evidence presented in this case permitted a rational fact finder to find intent to distribute beyond a reasonable doubt, the conviction must stand.

Challenging his sentence, Hubbard argues that New Mexico violated the Double Jeopardy Clause's prohibition against multiple punishments when it used prior convictions both to transmute his possession with intent charge into a first degree felony and to sentence him as a habitual offender. One prior cocaine trafficking conviction, dating from 1988, was used for the first purpose, while a marijuana trafficking conviction of the same date, along with a 1980 conviction for marijuana possession, were used to trigger the habitual offender provisions. Hubbard argues that the two 1988 convictions should be considered as one for double jeopardy purposes because they arose from the same course of conduct. We review double jeopardy claims *de novo*. Yparrea v. Dorsey, 64 F.3d 577, 578 (10th Cir. 1995).

The Double Jeopardy Clause is violated when a person is tried twice for the same offense after acquittal or conviction, and when a person is punished twice for the same offense. United States v. Dixon, 113 S. Ct. 2849, 2855 (1993). However, "double jeopardy does not occur as long as each punished offense requires proof of a fact that the other does not." Yparrea, 64 F.3d at 579. Under New Mexico law, possession with intent to distribute marijuana and cocaine trafficking are separate offenses, requiring the state to prove different facts in order to sustain convictions for each offense. Hubbard, 828 P.2d at 975. Even though Hubbard was caught selling the two drugs at the same time and was tried for both offenses in a single proceeding, he was convicted of two different crimes requiring proof of different facts. Therefore, the use of both convictions to enhance

4

Hubbard's sentence did not constitute double jeopardy.  Moreover, habitual offender statutes generally do not raise double jeopardy concerns because they impose punishment for the new offense, not the prior offenses.  Yparrea, 64 F.3d at 579.  That is the case here.

     AFFIRMED.

                Entered for the Court


                Carlos F. Lucero
                Circuit Judge