UNITED STATES COURT OF APPEALS

**Filed 11/6/96**

FOR THE TENTH CIRCUIT

JOSE MARQUEZ,

   Petitioner-Appellant,

v.

DONALD A. DORSEY, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, Tom
Udall,

   Respondents-Appellees.

No. 96-2050
(D.C. No. CIV 93-1473 HB/JHG)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]   Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner Jose Marquez appeals from an order of the district court denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.[1]  We review the district court's legal conclusions in dismissing the petition de novo, Harvey v. Shillinger, 76 F.3d 1528, 1532 (10th Cir.), cert. denied,117 S. Ct. 253 (1996), and affirm.

Mr. Marquez entered Alford[2] guilty pleas to state charges contained in two separate indictments.  In the first indictment he was charged with (1) second degree murder, (2) possession of a firearm by a felon, (3) unlawful carrying of a firearm into a licensed liquor establishment, and (4) tampering with the evidence.  The second indictment charged Mr. Marquez with trafficking in cocaine.  The

---

[1]     As the district court granted Mr. Marquez a certificate of probable cause and permission to proceed in forma pauperis on appeal prior to the passage of the "Antiterrorism and Effective Death Penalty Act of 1996," Pub. L. No. 104-132, 110 Stat. 1214, we conclude that the act does not apply to this appeal.  See Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996).

[2]     North Carolina v. Alford, 400 U.S. 25 (1970)(permitting acceptance of a guilty plea from a defendant who believes in his innocence, if the plea is made knowingly, voluntarily, and intelligently, and is supported by a strong factual basis).

sentences imposed on counts one, three, and four of the first indictment were enhanced pursuant to New Mexico's habitual offender statute.

On appeal, Mr. Marquez challenges the enhancement of his sentences.[3] We will not address Mr. Marquez' argument to the extent he asserts that the enhancement violated New Mexico statutes. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Mr. Marquez argues his double jeopardy rights were violated because his prior conviction was used to prove an element of the charge of being a felon in possession of a firearm and for enhancing the other three charges. We do not agree. The Double Jeopardy Clause is violated when a person is tried again for the same offense after acquittal or conviction, and when a person is punished twice for the same offense. United States v. Dixon, 509 U.S. 688, 695-96 (1993).

The state court correctly concluded that using Mr. Marquez' prior conviction, both to establish an essential element of the crime of felon in possession of a firearm and to enhance the other three convictions, which did not require proof that Mr. Marquez was a felon, did not violate double jeopardy. See State v. Handa, 897 P.2d 225, 233 (N.M. Ct. App.)(no double jeopardy violation

---

[3] The state concedes that Mr. Marquez has exhausted his state court remedies as to this issue.

where prior felony was used to establish felon in possession of a firearm conviction and to provide basis for enhancement of assault conviction), cert. denied, 895 P.2d 671 (N.M. 1995); State v. Yparrea, 845 P.2d 1259, 1261 (N.M. Ct. App. 1992)(no double jeopardy violation where prior conviction for felon in possession of a firearm and the felony underlying that conviction were counted as separate crimes for enhancement of later conviction as the facts from the prior felonies were not used to prove commission of any of the current felony charges), cert. denied, 845 P.2d 814 (N.M. 1993); see also Yparrea v. Dorsey, 64 F.3d 577, 578-79 (10th Cir. 1995)(affirming that no double jeopardy violation occurs when prior conviction is used to establish element of felon in possession of a firearm conviction and later to enhance sentences for other convictions).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-