**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CORTEZ DARNELL WALTERS,

Petitioner-Appellant,

v.

STEVEN KAISER; STATE OF
OKLAHOMA; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 97-6138
(D.C. No. CIV-96-2092)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Cortez Darnell Walters, a state prisoner appearing pro se, asks this court to grant him a certificate of appealability to appeal the district court's order dismissing his petition for habeas corpus relief under 28 U.S.C. § 2254. We deny petitioner a certificate of appealability and dismiss the appeal.

This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In his habeas petition, Walters argued his convictions violated the Double Jeopardy Clause of the Fifth Amendment, and his constitutional rights were violated when the district court permitted endorsement of a witness during trial.[1]

## Double Jeopardy

Walters argues his convictions for forgery and concealing stolen property violated the Double Jeopardy Clause because both charges arose from the same occurrence or transaction. Double jeopardy is not violated by conviction for two offenses arising from the same occurrence or transaction as long as each offense requires proof of a fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932); see also Yparrea v. Dorsey, 64 F.3d 577, 579-80 (10th Cir. 1995). The crimes of forgery and concealing stolen property require proof of

---

[1] Walters apparently also seeks relief based on an allegedly defective indictment or information. However, we will not address that issue because he has not exhausted his state remedies. See 28 U.S.C. § 2254(b)(1)(A).

different facts.  Compare Okla. Stat. tit. 21, § 1713, with Okla. Stat. tit. 21, §

1713.  Therefore, Walters' convictions do not violate the Double Jeopardy Clause.

**Endorsement of Witness**

Walters claims his constitutional rights were violated when the trial court

endorsed a witness during the punishment stage of the proceedings.  The witness

identified and authenticated Walters' previous convictions.  This testimony was

necessary to enhance Walters' sentence based on his previous convictions.

Walters was well aware that the state intended to present evidence of previous

convictions as the indictment indicated the state intended to seek enhancement.

Oklahoma law permits endorsement of a witness at any time during trial.  See

Okla. Stat. tit. 22, § 384.  In affirming Walters' convictions on direct appeal, the

Oklahoma Court of Criminal Appeals found Walters had suffered no prejudice as

a result of the late endorsement.

We conclude Walters has failed to make a substantial showing of the denial

of a constitutional right required for the issuance of a certificate of appealability

under 28 U.S.C. 2253(c)(2).  We therefore DENY him a certificate of

appealability and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge