**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TEDDY LEE MOORE,

  Petitioner-Appellant,

v.

BOBBY BOONE,

  Respondent-Appellee.

No. 97-6273
(D.C. No. CIV-97-273-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

    Petitioner Teddy Lee Moore requests a certificate of appealability to appeal the district court's denial of his habeas petition under 28 U.S.C. § 2254. This court will issue a certificate of appealability when a petitioner makes a substantial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  We deny

the request and dismiss the appeal.

Moore was convicted of first-degree murder in 1988.  His direct appeal was

affirmed by the Oklahoma Court of Criminal Appeals.  His request for post-

conviction relief was denied and the Oklahoma Court of Criminal Appeals

affirmed that denial.  Moore filed his § 2254 petition on February 26, 1997,

claiming (1) ineffective assistance of counsel, (2) denial of due process by the

government's failure to allege in the information each element of the crime

charged,[1] (3) improper investigation by the police department, and (4)

insufficiency of the evidence to prove malice aforethought.  The district court

adopted the magistrate's report and recommendation and denied Moore's habeas

petition.

### Ineffective Assistance of Counsel

A habeas petitioner alleging ineffective assistance of counsel must show

counsel's performance was deficient and that such deficient performance

prejudiced petitioner's defense.  Strickland v. Washington, 466 U.S. 668, 687

(1984).  Petitioner must show counsel's errors were so serious that petitioner was

deprived of a fair trial.  Id.

---

[1]  Moore also asserts the state placed him in double jeopardy by failing to charge him in a proper felony information.  We address this issue in our discussion of the alleged ineffectiveness of counsel for failing to object to the information.

Moore contends his counsel should have requested a jury instruction on involuntary manslaughter, excusable homicide, or self-defense.[2] Oklahoma has no crime titled "involuntary manslaughter." Homicide is excusable

> 1. When committed by accident and misfortune in doing any lawful act, by lawful means, with usual and ordinary caution, and without any unlawful intent.
> 2. When committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat provided that no undue advantage is taken, nor any dangerous weapon used, and that the killing is not done in a cruel or unusual manner.

Okla. Stat. tit. 21, § 731. Moore admitted he initiated the confrontation with the victim by hitting him; thus he was not acting lawfully as required by § 731, and the crime involved a dangerous weapon. Moore testified he did not act in self-defense, but that his gun discharged accidentally. Therefore, the evidence presented did not support the giving of an instruction on either excusable homicide or self-defense.

Moore also argues his counsel should have objected to the information on double jeopardy grounds. He asserts the information failed to "recite facts to allege every element of the underlying felony," thereby implicating the Double Jeopardy Clause. The information charged first-degree murder, i.e., "wilfully,

---

[2] Moore asserted in his petition that his counsel should have requested an instruction on involuntary manslaughter or self-defense. On appeal, he asserts counsel should have requested an instruction on excusable homicide or self-defense. Construing his pro se motion liberally, as we must, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we discuss all three instructions.

unlawfully and with malice aforethought" killing Donald Ray Jackson "by shooting him with a handgun, inflicting mortal wounds which caused his death." Okla. Stat. tit. 21, § 701.7(A) defines first-degree murder as "unlawfully and with malice aforethought caus[ing] the death of another human being." An information must contain the elements of the offense charged and provide sufficient detail to protect defendant from double jeopardy. Russell v. United States, 369 U.S. 749, 764-65 (1962). The information in this case satisfied these requirements.

The information stated Moore had been convicted in Texas state court in 1985 of possession of a controlled substance; therefore, he was subject to an enhanced sentence pursuant to the habitual offender statute, Okla. Stat. tit. 21, § 51. The habitual offender statute does not create a new or independent crime and, therefore, it was not necessary for the government to state the elements of the possession offense in the first-degree murder information. See Lynch v. State, 909 P.2d 800, 804 (Okla. Crim. App. 1995). Nor did the habitual offender sentencing scheme offend Moore's right against double jeopardy. The statute provided an enhanced sentence for the murder conviction, not additional punishment for the possession conviction. See Yparrea v. Dorsey, 64 F.3d 577, 579 (10th Cir. 1995).

Moore also asserts counsel failed to investigate the offense and determine if the state's witnesses were truthful. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Moore does not allege what counsel could have discovered by further investigation and thus cannot show his counsel's performance prejudiced his defense.

## Inadequate Investigation by Police Department

Moore argues the police department failed to conduct a proper investigation by failing to fingerprint the gun used in the crime to determine who had fired the weapon, by failing to fingerprint the money found on Moore, and by failing to perform a paraffin test on the victim or Moore. Moore does not show how further investigation could have exculpated him. He admitted he was holding the gun when it discharged. More importantly, he fails to allege a constitutional violation or violation of federal law as required by § 2254. Absent a showing of bad faith, the Due Process Clause is not violated by failure of the police to gather potentially exculpatory evidence. Miller v. Vasquez, 868 F.2d 1116, 1119-20 (9th Cir. 1989). Mere negligence does not rise to the level of a constitutional violation. See Romero v. Fay, 45 F.3d 1472, 1479 (10th Cir. 1996). Moore fails to allege, much less prove, that the police department was motivated by bad faith to not investigate his case.

## Insufficient Evidence of Malice Aforethought

Moore asserts the government presented no evidence of the malice aforethought element of first-degree murder. We must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Malice is "that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." Okla. Stat. tit. 21, § 701.7(A). Malice aforethought may therefore be proved by circumstantial evidence. Cavazos v. State, 779 P.2d 987, 989 (Okla. Crim. App. 1989).

Lindy Lozier testified he saw Moore approach a pickup truck and search behind the front seat and in the truck bed. Moore then followed the victim around the side of an apartment building, leaving Lozier's sight. Approximately one minute later, Lozier heard a gunshot. A man and a young girl ran past Lozier and then Moore appeared. Moore had a gun in his hand and walked quickly toward the pickup, got in the pickup, and drove off very fast. Richard Knight testified Moore approached the victim, grabbed him around the neck from behind with his right arm, and began hitting him in the face. Moore hit the victim approximately three times with his left fist while holding a revolver in his right hand next to the victim's head. Knight and his daughter ran away and a few seconds later Knight

heard a gunshot. The medical examiner testified the victim died of a gunshot wound to the head. Viewing this evidence in the light most favorable to the government, we conclude a reasonable trier of fact could have found the element of malice aforethought beyond a reasonable doubt.

The certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge