**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EDWARD PRICE,

      Petitioner-Appellant,

v.

LAWRENCE BARRERAS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2155
(D.C. No. CIV-95-350-LH)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining petitioner-appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the denial of habeas relief, see 28 U.S.C. § 2254, from his New Mexico convictions for assault with intent to commit criminal sexual penetration, attempted kidnaping, aggravated assault, and aggravated assault with a dangerous weapon.[1]  On appeal, petitioner argues that 1) his convictions and consecutive sentences for attempted kidnaping and assault with intent to commit criminal sexual penetration amount to double jeopardy as multiple punishments for the same offense; 2) defense counsel provided ineffective assistance by failing to conduct an adequate investigation, failing to request jury instructions on the lesser included offenses of simple assault and false imprisonment, preventing defendant from testifying on his own behalf, and failing to call available defense witnesses; 3) the trial court erred in admitting testimony of an unnecessarily suggestive out-of-court identification of petitioner; and 4) there was insufficient evidence to support the convictions.

---

[1]  Because petitioner filed his § 2254 petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), that act, and its requirement of a certificate of appealability, does not apply.  See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).  We, therefore, construe his request for a certificate of appealability as a motion for a certificate of probable cause and we grant that motion.  See 28 U.S.C. § 2253 (prior to 1996 revision under AEDPA); see also Parkhurst v. Shillinger, 128 F.3d 1366, 1368 n. 3 (10th Cir. 1997).

We review the district court's factual findings, made following an evidentiary hearing, for clear error, and the court's legal conclusions de novo. See Richmond v. Embry, 122 F.3d 866, 870 (10th Cir. 1997).

Resolution of petitioner's multiple-punishment double jeopardy claim turns upon whether the state legislature has provided for multiple punishments in these circumstances.[2] See Yparrea v. Dorsey, 64 F.3d 577, 579 (10th Cir. 1995); Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995). While we are not bound by state court rulings on ultimate constitutional issues, we will defer to a state court's interpretation of state law in determining whether an incident constitutes one or more offenses for double jeopardy purposes. See Thomas, 44 F.3d at 887.

In determining the intent of its legislature, New Mexico courts, absent a clear expression of legislative intent, which we do not have here, apply the "same elements" Blockburger test. See Swafford v. State, 810 P.2d 1223, 1234 (N.M. 1991). The relevant inquiry is whether each statute requires proof of a fact the other does not, or whether, instead, one of the statutes is subsumed within the

---

[2]     We assume that the same conduct violated both of the relevant state statutes. See generally Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir. 1993) (applying "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932), to § 2254 multiple-punishment double jeopardy claim where same act or transaction was used to support two charged offenses); Swafford v. State, 810 P.2d 1223, 1233 (N.M. 1991) (in addressing multiple-punishment double jeopardy claims, New Mexico courts must first determine whether same conduct violated statutes at issue, before determining whether legislature intended multiple punishments).

other.  See, e.g., State v. Carrasco, 946 P.2d 1075, 1082 (N.M. 1997) (citing Swafford, 810 P.2d at 1234).  This determination does not involve consideration of the particular facts of a case.  See State v. McGruder, 940 P.2d 150, 157 (N.M. 1997); State v. Fuentes, 888 P.2d 986, 988 (N.M. Ct. App. 1994).  See generally United States v. Dixon, 509 U.S. 688, 703-04 (1993) (rejecting "same conduct" test and overruling Grady v. Corbin, 495 U.S. 508 (1990)).

New Mexico defines the elements of assault with the intent to commit a violent felony, criminal sexual penetration, as (1) the defendant committed an act, (2) the act caused the victim to believe that she was in danger of an immediate battery, (3) a reasonable person would have that same belief under the circumstances, and (4) the defendant had the intent to commit a criminal sexual penetration.  See N.M. Stat. Ann. § 30-3-3 (Michie 1994); see also Carrasco, 946 P.2d at 1083 (defining elements of assault with intent to commit a violent felony, robbery).

New Mexico defines attempted kidnaping as an overt act taken in furtherance, and with the intent and tending to effect, see N.M. Stat. Ann § 30-28-1, the unlawful taking, restraining or confining the victim, by force, with the intent that the victim be held to service against her will, see id.,

§ 30-4-1(A)(3).[3] Holding for services against the victim's will includes holding the victim for sexual purposes. See State v. Williams, 730 P.2d 1196, 1200 (N.M. Ct. App. 1986).

The offenses of assault with the intent to commit criminal sexual penetration and attempted kidnaping involve different elements. See State v. Pisio, 889 P.2d 860, 869 (N.M. Ct. App. 1994) (elements of assault with intent to commit violent felony differ from elements of kidnaping); Williams, 730 P.2d at 1199 (defendant conceded that statutory elements of kidnaping with intent to hold for service and assault with intent to commit criminal sexual penetration are different). See generally State v. Bachicha, 808 P.2d 51, 54 (N.M. Ct. App. 1991) (assault can occur without restraint of the victim; false imprisonment can occur without an assault). The New Mexico courts have, therefore, held that the state legislature intended to punish as separate crimes both kidnaping and assault with the intent to commit a felony. See Pisio, 889 P.2d at 869. Accordingly, petitioner's separate convictions and sentences for these two offenses do not subject him to double jeopardy. Cf. Carrasco, 946 P.2d at 1084-85 (state legislature provided for separate convictions and sentences for crimes of being an

---

[3]    Where a statutory provision, such as New Mexico's kidnaping statute, describes alternate means by which a defendant may commit the crime charged, New Mexico courts, for purposes of determining whether more than one offense has occurred, focus on the legal theory of the case and disregard any inapplicable statutory elements. See Carrasco, 946 P.2d at 1083.

accessory to assault with intent to commit a violent felony (robbery) and an accessory to false imprisonment); State v. Gibson, 828 P.2d 980, 986 (N.M. Ct. App. 1992) (in light of the particular legal theory charged, offense of assault on prison guard by threatening guard with a firearm did not merge with charge of false imprisonment).

Upon careful consideration of the remainder of petitioner's claims, in light of the state and federal court records and petitioner's brief, we affirm for substantially the reasons stated in the magistrate judge's report and recommendation, as adopted by the district court in its order and judgment of April 25, 1997. The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge