**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 14, 2006**

**TENTH CIRCUIT**

| | |
|---|---|
| BENJAMIN ROMERO, | |
| Petitioner-Appellant, | No. 06-2186 |
| v. | District of New Mexico |
| JAMES JANECKA, Warden, | (D.C. No. CIV-06-68 MCA/RLP) |
| Respondent-Appellee. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Benjamin Romero, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Romero has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

**Background**

On February 12, 1998, a New Mexico state court sentenced Benjamin Romero to a total of fifteen years incarceration for convictions on four counts in connection with a burglary. The court suspended his sentence and imposed a three year probationary period. Prior to sentencing, Mr. Romero signed a plea agreement in which he agreed that if he violated the terms of his probation, his probation would be revoked and his sentence would be subject to habitual offender enhancements. After he violated his probation, the court revoked his suspended sentence and imposed an eighteen year prison sentence based on habitual offender enhancements, with eight years of the sentence suspended and with credit for time served. After serving five years of the enhanced sentence, Mr. Romero was released on probation, which he again violated. The court revoked his probation and reinstated his eighteen year sentence with credit for time served.

In New Mexico state court, Mr. Romero filed a Motion for Amended Judgment-Sentence and for an Order of Discharge on the grounds that the reinstatement of his sentence constituted an improper double penalty. After the court rejected his claims, he filed this habeas petition in the United States District Court for the District of New Mexico. He argues that his sentence violates the Double Jeopardy and Due Process protections of the United States Constitution.

The Magistrate Judge found that Mr. Romero's argument raised only matters of state law and that neither due process nor the prohibition against double jeopardy was implicated in Mr. Romero's sentence. The district court adopted the findings of the magistrate judge and dismissed the petition.

**Discussion**

A prisoner may appeal the denial of a motion for relief under 28 U.S.C. § 2254 only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

"[I]t is not the province of federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Mr. Romero has grounds for his habeas petition only if the New Mexico court violated

the federal constitution when it applied the sentencing enhancements under New Mexico law.

Mr. Romero argues that his enhanced sentence violated the Double Jeopardy Clause. We have held, however, that "[b]ecause sentences enhanced under the habitual offender statutes are not punishment for the prior offense, they do not normally raise double jeopardy issues." *Yparrea v. Dorsey*, 64 F.3d 577, 579 (10th Cir. 1995). Mr. Romero does not put forth any argument to suggest that New Mexico's sentencing enhancement law differs from those previously held constitutional.

Mr. Romero also argues that the New Mexico court violated his right to due process. The Due Process Clause of the Fourteenth Amendment prohibits state courts from depriving persons of life, liberty, or property except in accordance with law and established legal procedures. Under New Mexico law, sentencing enhancements may be applied until the defendant has served his entire sentence, including parole. *State v. Roybal*, 903 P.2d 249, 252 (N.M. 1995). Mr. Romero had not completed his probation at the time the sentencing enhancements were applied. Since the sentencing enhancements were authorized under a state law that does not violate the federal Constitution, the New Mexico court did not violate Mr. Romero's federal due process rights by applying them.

Because we find that reasonable jurists could not debate whether Mr. Romero's petition should have been resolved in a different manner, we **DENY** Mr. Romero's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge