551 P.2d 1352
**STATE of New Mexico, Petitioner,**
v.
**Donald Ray ELLIOTT, Respondent.**
No. 10575.

Supreme Court of New Mexico.
June 25, 1976.

Toney Anaya, Atty. Gen., Donald D. Montoya, Jay F. Rosenthal, Asst. Attys. Gen., Santa Fe, for petitioner.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Robert R. Rothstein, Asst. Appellate Defender, Santa Fe, for respondent.

OPINION

OMAN, Chief Justice.

A writ of certiorari was issued to the New Mexico Court of Appeals. We reverse the opinion of the Court of Appeals insofar as it held to be unconstitutional § 40A–9–6, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), which was our sodomy statute in effect at the time in question but which has since been repealed and replaced by §

40A–9–21, N.M.S.A.1953 (Supp.1975). We remand the case to the Court of Appeals for further consideration and for disposition of the issues involved in the appeal to that court in light of our decision. The opinion of the Court of Appeals appears as *State v. Elliott,* 88 N.M. 187, 539 P.2d 207 (Ct.App.1975).

Although it is stated in the opinion by Judge Sutin that the majority of the Court of Appeals holds the sodomy statute (§ 40A–9–6, supra), to be unconstitutional, it is far from certain to us that this was so, since Judge Lopez concurred "in the results only." We consider the results to be those of holding the convictions to be reversed and defendants discharged. Judge Hendley, the other participant in the case, dissented insofar as the constitutionality question was concerned. However, we assume that the sodomy statute was held to be unconstitutional by the majority of the panel of the Court of Appeals as recited by Judge Sutin. This holding was obviously on the ground that the statute embraced and proscribed sodomitic conduct on the part of the consenting adults contrary to the rights guaranteed to them under the Constitution of the United States.

This precise question was presented to the Court of Appeals in an earlier case. *Washington v. Rodriguez,* 82 N.M. 428, 483 P.2d 309 (Ct.App.1971). In that case the court held in a unanimous opinion that it could see nothing in the language of the Act which could reasonably be considered violative of any constitutionally protected area. The court expressly and correctly observed that the right of privacy protected by the decision in *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), was that of "the right of privacy of married persons."

In a number of other cases the Court of Appeals, on other grounds, has affirmed convictions under our sodomy statute in which the same constitutional question has been raised and in almost the identical manner. *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975), cert. denied,

89 N.M. 5, 546 P.2d 70 (1976); *State v. Sanchez,* 85 N.M. 368, 512 P.2d 696 (Ct. App.1973); *State v. Armstrong,* 85 N.M. 234, 511 P.2d 560 (Ct.App.), cert. denied, 85 N.M. 228, 511 P.2d 554 (1973); *State v. Kasakoff,* 84 N.M. 404, 503 P.2d 1182 (Ct. App.1972).

The United States Supreme Court in a recent case has now resolved the contention repeatedly made in New Mexico and other states that private sexual conduct between consenting adults may not be proscribed by the criminal law of the states, since such conduct is protected by rights guaranteed under the first, fourth, fifth, eighth, ninth and fourteenth amendments to the Constitution of the United States. *Doe v. Commonwealth's Atty. for City of Richmond,* 403 F.Supp. 1199 (E.D.Va. 1975), aff'd mem., 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976).

That case involved the constitutionality of a Virginia statute, which, insofar as the question of consent is concerned, is identical with our statute. That is, lack of consent is not an element of the offense, and consent is no defense thereto.

In the Virginia case, the acts of sodomy claimed to be constitutionally protected were those consummated between males, while in our case the sodomitic acts were committed by a male upon a female. The only other difference, which is also of no significance to the question under consideration, is that in the Virginia case the participants were adult males who consentually engaged in regular homosexual activities, while, in the case now before us, the defendant was an adult male and his victim was a nonconsenting female. At least there is substantial evidence to support her claim that she did not consent.

In the Virginia case, it was stated by the majority of the three-judge court in its opinion, which was affirmed by the United States Supreme Court, that:

"Our decision is that on its face and in the circumstances here it is not unconstitutional. No judgment is made upon the wisdom or policy of the statute. It is simply that we cannot say that the statute offends the Bill of Rights or any other of the Amendments and the wisdom or policy is a matter for the State's resolve.

"I. Precedents cited to us as *contra* rest exclusively on the precept that the Constitution condemns State legislation that trespasses upon the privacy of the incidents of marriage, upon the sanctity of the home, or upon the nurture of family life. This and only this concern has been the justification for nullification of State regulation in this area. Review of plaintiff's authorities will reveal these as the principles underlying the referenced decisions."

403 F.Supp. at 1200.

The referenced decisions in that case are substantially the same as the referenced decisions in the opinion by Judge Sutin. In our case the defendant and his victim were not husband and wife and, consequently, there could have been no issue as to marital privacy, the sanctity of the home or the nurture of family life.

The decision of the Court of Appeals is reversed insofar as it held the sodomy statute unconstitutional, and the cause is remanded to that court for further consideration and disposition of the issues raised on the appeal in the light of our holding that our sodomy statute was constitutionally valid.

It is so ordered.

McMANUS, STEPHENSON, MONTOYA and SOSA, JJ., concur.