This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-35264**

**DANAN GABALDON,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Defendant appeals from the district court's judgment and sentence entered, pursuant to a jury trial by which he was convicted for residential burglary, larceny, and resisting, evading, or obstructing an officer. The district court sentenced Defendant to ten years of incarceration, which included a habitual offender enhancement of eight years and a suspended sentence of two years. On appeal, Defendant raises five issues, challenging (1) the sufficiency of the evidence to support his convictions for residential burglary and larceny; (2) the district court's rejection of Defendant's requested intent instruction for the offense of residential burglary; (3) the district court's denial of a mistrial when the victim testified in contravention of a court order; (4) the enhancement of Defendant's sentence based on two prior felony convictions—one that was used as a predicate felony to a firearm charge and also the felony firearm charge itself; and (5) the district court's failure to make a change in venue. The last three issues are raised under the requirements of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. We are not persuaded by any of Defendant's arguments for the reasons set forth below. We, therefore, affirm.

**DISCUSSION**

{2}     Because this is a non-precedential opinion drafted to inform the parties of our reasoning, we omit a section devoted to the facts of which the parties are aware, and discuss the facts only as they are relevant to our analysis.

**1.     The Evidence Was Sufficient to Support Defendant's Convictions for Residential Burglary and Larceny**

{3}     When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**Residential Burglary**

{4}     In his sufficiency challenge to his conviction for residential burglary, Defendant contends that the State's evidence was inadequate to prove that he entered the

residence with an intent to commit a theft when inside, as required by the jury instructions. *See Garcia*, 2016-NMSC-034, ¶ 17 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alteration, internal quotation marks, and citation omitted)). Defendant states the evidence showed that he entered a stranger's unlocked residence while fleeing from the police and that his actions—entering the home, showering there, and changing into ill-fitting clothes belonging to the victim—were spontaneous and haphazard, not intentionally planned. Defendant relies on case law emphasizing that "[a]n intent formed after the illegal entry would not suffice." *State v. Romero*, 1998-NMCA-057, ¶ 8, 125 N.M. 161, 958 P.2d 119; *State v. Elliott*, 1975-NMCA-087, ¶ 50, 88 N.M. 187, 539 P.2d 207 (explaining that "[t]he gravamen of the offense of burglary is the intent with which the [residence] is entered[,]" and that evidence of an intent formed after the entry does not prove a burglary), *rev'd on other grounds*, 1976-NMSC-030, ¶ 1, 89 N.M. 305, 551 P.2d 1352.

{5}     "Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Duran*, 2006-NMSC-035, ¶ 7, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). More specifically, "[i]ntent may be proved by inference from the surrounding facts and

circumstances." *State v. Kent*, 2006-NMCA-134, ¶ 15, 140 N.M. 606, 145 P.3d 86 (internal quotation marks and citation omitted).

{6} The evidence shows that police were dispatched to a residence based on a complaint about a vehicle in front of that house, and there they found Defendant in the driver's seat. Police then discovered that the license plate on the vehicle was stolen and decided to conduct a felony stop. Defendant did not comply with the officers' instructions and then fled on foot. Defendant jumped over a sharp and pointy chain-link fence and ran across a field and into a residential neighborhood. The officers set up a perimeter around the neighborhood and searched for Defendant. Within that perimeter, Defendant entered the home of a stranger, Mr. Andrew Jaramillo, by way of a backdoor that was closed but unlocked. While inside, Defendant apparently showered and changed into clothing belonging to Mr. Jaramillo. Officers found Defendant wet in Mr. Jaramillo's bathroom, which also contained a wet and dirty bathtub. An officer noticed that Defendant changed out of his distinctive black and yellow Steeler's jersey tee-shirt and shorts and into the ill-fitting clothes that were too warm for the weather and provided full coverage for Defendant's body, including the large tattoo on the back of his neck.

{7} Although we agree with Defendant that this evidence shows that he acted with an intent to flee from police, such an intent does not preclude Defendant from forming

5

an intent to steal prior to his unauthorized entry into the home. We agree with the State that an intent to flee can coexist with an intent to enter the residence with the purpose to hide and take whatever is available in order to further his escape. Our courts state that "intent is often inferred from an overt act of the defendant." *Duran*, 2006-NMSC-035, ¶ 14. In this case, Defendant's intent, at the time of his unauthorized entry, to take what he could from the residence to further his escape can be inferred from Defendant's act of entering the home without authorization, taking a shower, and taking clothing from Mr. Jaramillo's closet and putting them on to disguise himself. *See, e.g.*, *State v. Mireles*, 1971-NMCA-027, ¶ 6, 82 N.M. 453, 483 P.2d 508 (holding that evidence that a residence had been entered with an intent to commit theft was the fact that various items of personal property had been stolen); *see also State v. Castro*, 1979-NMCA-023, ¶ 19, 92 N.M. 585, 592 P.2d 185 ("The burglarious intent can be reasonably and justifiably inferred from the unauthorized entry alone."), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 7-10, 98 N.M. 786, 653 P.2d 162. Defendant's actions from the time of the attempted felony stop to his capture show a consistent intent to flee and give rise to a reasonable inference that he intended to enter the home to hide in it and take something in furtherance of his escape efforts. There is no requirement for the State to prove that Defendant knew what he was going to take once inside the home; the burglary statute

only requires proof of an authorized entry with the intent to commit theft. *See* NMSA 1978, § 30-16-3 (1971). We are persuaded that sufficient circumstantial evidence was presented from which the jury could infer that Defendant entered the residence with the intent to commit a theft that would assist in his escape. *See State v. Muraida*, 2014-NMCA-060, ¶ 18, 326 P.3d 1113 ("It is well established that the fact[-]finder may infer from circumstantial evidence that the defendant acted with the requisite intent; direct evidence of the defendant's state of mind is not required."); *id.* ("Furthermore, a defendant's knowledge or intent generally presents a question of fact for a jury to decide." (alteration, internal quotation marks, and citation omitted)).

**Larceny**

**{8}** Defendant argues that wearing Mr. Jaramillo's clothing in Mr. Jaramillo's home is not sufficient evidence to prove that Defendant "carried away" the clothes or that Defendant had the intent to permanently deprive Mr. Jaramillo of the clothes. *See Garcia*, 2016-NMSC-034, ¶ 17 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alteration, internal quotation marks, and citation omitted)). The instruction for the charge of larceny required the jury to find beyond a reasonable doubt that Defendant "took and carried away various articles of clothing belonging to [Mr.] Jaramillo," at which time, Defendant "intended to permanently deprive the owner of it." The jury was further

7

instructed, consistent with UJI 14-1603 NMRA, that "[c]arried away" meant "moving the property from the place where it was kept or placed by the owner."

{9} There can be little question that Defendant moved Mr. Jaramillo's property from where it was placed or kept when Defendant removed the clothes from Mr. Jaramillo's closet and put them on. Larceny does not require that property be removed a far distance from where it was kept or placed by the owner, only that it was moved from its owner-placed location with the intent to permanently deprive. *See State v. Clark*, 2000-NMCA-052, ¶ 13, 129 N.M. 194, 3 P.3d 689 (describing the common-law asportation requirement as not a literal "carrying away," but moving, by available means, any number of things (internal quotation marks and citation omitted)); *see also* UJI 14-1601 NMRA; UJI 14-1603.

{10} We further believe that the circumstantial evidence gave rise to a reasonable inference that Defendant intended to permanently deprive Mr. Jaramillo of the clothing. The evidence indicates that Defendant put on Mr. Jaramillo's clothing in the course of his efforts to evade police, as we explained in our analysis of the evidence of burglary. It would not assist Defendant's efforts to leave the home in the more easily identifiable clothes he was wearing when he entered the home. And Defendant's efforts to evade police would not be furthered by returning the clothing to Mr. Jaramillo. Because Defendant's actions show that he took extraordinary

8

measures to evade police and because permanently depriving Mr. Jaramillo of his clothing was consistent with these efforts to avoid identification, we hold that sufficient circumstantial evidence supports Defendant's conviction for larceny. *See Muraida*, 2014-NMCA-060, ¶ 18; *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. The jury was free to reject a theory that Defendant did not intend to permanently deprive Mr. Jaramillo of his clothing. *See Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [th d]efendant's version of the facts.").

**2.      There Was No Error in Refusing Defendant's Jury Instruction**

{11}      Defendant contends that the district court erred by denying his jury instruction that would have explained to the jury that it was required to find that Defendant had a specific intent to commit theft "at the time of the claimed unauthorized entry into the dwelling home[,]" and that if the jury found that such an intent "was formed after the entry, the crime of burglary is not proved." Defendant argues that he was entitled to

the instruction because the evidence supported it and his intent upon entry of Mr. Jaramillo's home was the contested issue at trial.

{12} We are not persuaded that the instruction given was confusing or Defendant was denied the theory of his case that his intent was formed after entering the home, if at all. The instruction given by the district court required the jury to find, in relevant part, that Defendant "entered the dwelling [h]ouse with the intent to commit a theft when inside[.]" This instruction tracks the language of the uniform jury instruction for burglary with precision. *See* UJI 14-1630 NMRA. Our Supreme Court has stated that uniform jury instructions are presumptively valid and, when they describe the elements of a crime, they should be used without substantive alteration. *See State v. Lucero*, 2017-NMSC-008, ¶ 30, 389 P.3d 1039. Additionally, in *State v. Gunzelman*, 1973-NMSC-055, ¶ 29, 85 N.M. 295, 512 P.2d 55, *overruled on other grounds by State v. Orosco*, 1992-NMSC-006, ¶ 7, 113 N.M. 780, 833 P.2d 1146, our Supreme Court held that a jury instruction that follows the language of the burglary statute to proscribe the "unauthorized entry of any dwelling with the intent to commit any felony or theft therein[,]" sufficiently instructs the jury on the specific criminal intent required and no further description of the requisite criminal intent is necessary. *See id.* ¶¶ 23-31 (omissions omitted). We agree with the district court in the current case that there was no reason to deviate from UJI 14-1630 because it clearly instructed the

jury on specific intent by requiring a finding that Defendant "entered the dwelling [h]ouse with the intent to commit a theft when inside[.]"

{13} Defendant does not demonstrate that the instructions were inadequate or confusing; nor does he contend that the jury was given any reason to believe that it was adequate to find the intent to commit a theft was formed after entering the dwelling. Based on the foregoing, we are not persuaded that the district court erred by refusing Defendant's additional instructions.

**3.    It Was Not Error to Deny Defendant a Mistrial for Testimony That Defendant Had Showered**

{14} Because Defendant did not move for a mistrial, Defendant argues that it was either fundamental or plain error for the district court to fail to order a mistrial when Mr. Jaramillo testified that Defendant took a shower while in Mr. Jaramillo's home, because that testimony violated a court order, was prejudicial, irrelevant, and was not based on personal knowledge.

{15} "In order to conclude that a matter not brought to the attention of the district court constituted plain error, this Court must be convinced that admission of the testimony constituted an injustice that creates grave doubts concerning the validity of the verdict." *State v. Hill*, 2008-NMCA-117, ¶ 21, 144 N.M. 775, 192 P.3d 770 (internal quotation marks and citation omitted). Similarly, yet even more stringently, we employ the fundamental error exception to the preservation rule "only under

extraordinary circumstances to prevent the miscarriage of justice[.]" *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted). "Accordingly, we will use the doctrine to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served." *Id.* (internal quotation marks and citation omitted). "Substantial justice has not been served when a fundamental unfairness within the system has undermined judicial integrity." *Id.* (internal quotation marks and citation omitted).

{16} We are not persuaded that Mr. Jaramillo's statement that Defendant took a shower resulted in an injustice that would create grave doubts about the verdict or undermine judicial integrity. That testimony was cumulative of other evidence that suggested that Defendant had taken a shower. Mr. Jaramillo testified that he noticed that the previously clean bathtub was dirty with mud after Defendant was found in Mr. Jaramillo's bathroom. Deputy Young testified that when Defendant was found, the bathtub was wet, there was dirt or mud in the bottom of the tub, the same or similar shorts to those worn by Defendant were in the bathroom, and Defendant's skin was moist and he appeared wet. We agree with the State that the testimony that Defendant showered was a very reasonable inference to be drawn from the personal observations

of witnesses and that the specific testimony regarding his having taken a shower did not cause an injustice.

{17} Additionally, the district court sustained Defendant's objection to the testimony and instructed the jury to disregard the statement. Even assuming that Defendant showering in Mr. Jaramillo's home could be properly seen as irrelevant to Defendant's plan to disguise himself in his efforts to evade police and that an instruction to disregard the evidence was warranted, the district court's failure to sua sponte declare a mistrial was not error of any kind. *See State v. Astorga*, 2016-NMCA-015, ¶ 10, 365 P.3d 53 (acknowledging that objectionable testimony that is cumulative of other evidence may be harmless and does not result in fundamental error); *see also State v. Hernandez*, 2017-NMCA-020, ¶ 17, 388 P.3d 1016 ("Our case law acknowledges that generally, a prompt admonition to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which might otherwise result." (omission, internal quotation marks, and citation omitted)).

**4.      Defendant's Double Jeopardy Rights Were Not Violated by the Enhancement of His Sentence**

{18} Defendant contends that the district court's use of a felon-in-possession conviction and its predicate felony as separate offenses for enhancement purposes contravened the intent of the habitual offender statute and subjected him to double jeopardy. This broad view of the double use of a prior felony conviction for

13

enhancement purposes has been rejected by our case law. Defendant's view relies on *State v. Haddenham*, which held that the prohibited double use of a prior felony occurred where a prior felony served simultaneously as both the predicate proof to establish a defendant's status as a felon in possession of a firearm and the basis for the habitual offender enhancement of that same felon in possession of a firearm conviction. 1990-NMCA-048, ¶¶ 14-21, 110 N.M. 149, 793 P.2d 279 (reversing the enhancement under the habitual offender statute in large part based on the double use of a felony to convict the defendant of felon in possession and to enhance his sentence for that same conviction under different statutes).

{19} In *State v. Yparrea*, 1992-NMCA-128, ¶¶ 5-11, 114 N.M. 805, 845 P.2d 1259 this Court rejected the precise argument Defendant raises here under *Haddenham*. *See Yparrea*, 1992-NMCA-128, ¶¶ 5-11 (holding that unlike *Haddenham* the prior felonies in *Yparrea* were not used to prove the commission of the defendant's currently charged felonies, but the two prior felony convictions, including a conviction for felon in possession of a firearm and its predicate felony conviction were used properly to enhance the defendant's separate convictions for burglary and larceny). Additionally, more recently, in *State v. Tafoya*, 2012-NMSC-030, ¶¶ 56-57, 285 P.3d 604, our Supreme Court rejected an attempt similar to Defendant's challenge to his enhancements under *Haddenham* and held that where a prior felony is used as

14

a predicate offense to prove the defendant's felon status and as a prior to enhance a different conviction in the same case, double jeopardy is not violated. Like this Court in *Yparrea*, our Supreme Court focused on the fact that the prior felony was enhancing a different conviction, not doubly enhancing the felon in possession of a firearm conviction. *See Tafoya*, 2012-NMSC-030, ¶ 57 ("Unlike *Haddenham*, the sentence enhanced by the habitual offender statute in the present case was the separate crime of attempted murder.").

{20}     In the current case, Defendant's enhancements were even further removed than those in *Tafoya*. Here, the district court enhanced Defendant's sentence for residential burglary based in part on a prior felony conviction and a prior felon in possession of a firearm conviction that was created from that prior felony predicate. Nothing in our case law or the habitual offender statute supports Defendant's efforts to have his prior felony offense ineligible to enhance any further convictions based on its use as the predicate felony in the felon in possession of firearm conviction. *See Yparrea*, 1992-NMCA-128, ¶ 9 (rejecting the same argument and holding that the habitual offender statute "discloses a legislative intent authorizing the imposition of an enhanced punishment upon individuals who continue to engage in criminal behavior resulting in additional felony convictions following their initial convictions"). We hold that the enhancement did not violate double jeopardy.

## 5. A Change in Venue Was Not Warranted

**{21}** Lastly, Defendant argues that the district court's failure to order a change in venue based on pretrial publicity caused fundamental error, and/or defense counsel's failure to request a change in venue constituted ineffective assistance of counsel.

**{22}** A district court may change venue in its discretion based on presumed or actual prejudice. *State v. Astorga*, 2015-NMSC-007, ¶ 68, 343 P.3d 1245. Here, Defendant contends that the record contains evidence of presumptive prejudice in light of the publicity surrounding his other cases which he believes, demonstrates that he could not receive a fair trial in Bernalillo County. "Presumed prejudice arises when evidence shows that the community is so saturated with inflammatory publicity about the crime that it must be presumed that the trial proceedings are tainted." *Id.* (internal quotation marks and citation omitted). Many factors relevant and specific to a particular case should be considered by the district court when assessing prejudice from pretrial publicity, including the neutrality of the publicity, its timing in relation to the start of trial, its form and source, and the size of the community. *State v. Gutierrez*, 2011-NMSC-024, ¶ 38, 150 N.M. 232, 258 P.3d 1024 (citing *State v. House*, 1999-NMSC-014, ¶¶ 59-75, 127 N.M. 151, 978 P.2d 967).

**{23}** Defendant's failure to object to venue in the current case causes concerns on appeal. First, if the pretrial publicity were so pervasive and inflammatory, then surely

16

proof to that effect would have been available and an objection to venue would have been made at the time when the publicity became pervasive, in addition to defense counsel's insistence that the voir dire include questions to the potential jurors about their knowledge of Defendant. Voir dire showed that none of the potential jurors even knew of Defendant due to the media coverage or otherwise. Under these circumstances, then, we cannot say that the district court was required to sua sponte change venue due to Defendant's publicity to avoid a miscarriage of justice under the fundamental error standard. *See Silva*, 2008-NMSC-051, ¶ 13 (setting forth the standard for fundamental error).

{24}     Second, in the absence of an objection, there was no development of the record on the relevant factors specific to this case upon which the district court or this Court could assess prejudice. Development of the record as to the specific factors relevant to Defendant would be particularly important in this case where whatever publicity Defendant was concerned with did not relate to the current charges. As for the factors generally applicable to a request for change in venue for pretrial publicity, the record demonstrates only that Defendant was in the news for other incidents and that none of potential jurors knew of Defendant from the news coverage. This is not a showing of prejudice and is therefore insufficient to prove either a fundamental unfairness required for fundamental error or a reasonable probability that the result of the trial

17

would have been different, required for a showing of prejudice in a claim for ineffective assistance of counsel. *See id.*; *State v. Dylan J.*, 2009-NMCA-027, ¶ 38, 145 N.M. 719, 204 P.3d 44 (explaining that for an ineffective assistance of counsel claim to prevail, the defendant must demonstrate that his or her defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different" (omission, internal quotation marks, and citation omitted)). If Defendant wishes to pursue this matter, he should do so in habeas proceedings where Defendant could develop the record with the necessary information. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that where "facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition"). We hold that Defendant has not demonstrated fundamental error or established a prima facie claim of ineffective assistance of counsel.

**CONCLUSION**

{25}    Based on the foregoing, we affirm the district court's judgment and sentence.

{26}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

18

_____

**LINDA M. VANZI, Chief Judge**


_____

**MICHAEL E. VIGIL, Judge**